WILLIAM W. ALTER, Respondent, v. CLARA FRICK *et al.*, Defendants; J. O. INGALS, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Pleadings:** EFFECT OF OBJECTION TO RECEPTION OF ANY EVIDENCE. An objection at the trial to the reception of any evidence, on the ground that the petition does not state facts sufficient to constitute a cause of action, will not reach the want of certainty or definiteness in the allegations of the petition, nor the joinder of several incongruous causes of action.

2. ———: INDEFINITENESS OF PETITION. A defendant should not be heard to say, after verdict against him, that the averments of the petition are too indefinite to fasten a personal obligation upon him.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Wm. F. Smith* and *D. D. Fassett* for appellant.

*John R. Warfield* and *Wm. B. Thompson* for respondent.

ROMBAUER, P. J.—Upon a petition praying for a personal judgment against all the defendants, and to enforce a mechanic's lien against certain property, the court trying this cause, sitting as a jury, found against the mechanic's lien, but found at the same time that Ingals and another defendant were personally responsible on the account sued upon, and rendered judgment

accordingly. From this judgment Ingals appeals, and assigns for error that the pleadings warrant no personal judgment against him, that his promise, if any, was a collateral promise and within the statute of frauds, and that the verdict is not supported by the weight of the evidence.

The petition contains a jumble of incoherent facts. It does not appear from its recitals whether the plaintiff sues as a subcontractor or as a contractor. Nor does it appear by anything outside of the prayer for relief against how many of the defendants the plaintiff seeks a personal judgment. But no demurrer was interposed by any of the numerous defendants, nor did either of the defendants move to make the petition more definite and certain. On the trial, counsel for defendants objected to the introduction of any evidence on the ground that the petition stated no cause of action, because it was drafted so that the plaintiff could take whichever position he desired at the close of the trial. This, however, was an objection on the ground of the petition stating several incongruous causes of action, and not one that it stated no cause of action at all, and hence was properly disregarded. The motion, at most, was one to make the petition more definite and certain, and such motions must be in writing. The question, however, whether the petition states facts sufficient to warrant a personal judgment against Ingals is still open for review.

The suit is by a material man. The petition states, among other things, that the defendant, as *agent and trustee* for certain parties, entered into a contract with the plaintiff for the furnishing of the materials; also that the plaintiff furnished the materials in accordance with the terms and conditions *of his said contract with the said defendants;* also that the *defendants* agreed to pay the plaintiff therefor such sums as the same were

reasonably worth. It will be thus seen that sufficient can be gleaned from the petition to charge the defendant Ingals as upon a personal promise. The petition would be bad on special demurrer, because it charges both the principals and the agent, while, under the facts stated, both are not liable to the plaintiff. *Sessions v Block*, 40 Mo. App. 569. But we can not hold that an erroneous charge of both is equivalent to a charge of neither.

The answer of defendants was a general denial. The statute of frauds was not interposed as a defense either by plea or objection to the evidence. The plaintiff testified that he received the original order for the lumber sold from one Grant, who was contractor for the erection of the building, but that he refused to deliver it until Ingals told him that he would pay all the bills. He testified, "I delivered the lumber upon the promise of Ingals to pay me for the lumber. Ingals told me not to take any lumber there until he ordered it. Ingals had stated not to furnish anything for these houses without special order from him. I gave the credit to Ingals direct. I know that we charged all the items on the books to Mr. Ingals, etc. It will be thus seen that the evidence was ample to show that the promise of Ingals was original and not collateral; but, even if the evidence had tended to show a mere collateral promise, it would have sustained the judgment, since the defense of the statute of frauds was not invoked in any shape. *Scharff v. Klein*, 29 Mo. App. 549.

It is proper to state in this connection that all *this* evidence was admitted without objection. It nowhere appeared from it that the plaintiff was aware that Ingals was acting as agent for others. If Ingals claimed that the averments of the petition were not sufficient to charge him personally, he should have objected to this

evidence. Not having objected to it, he should not be heard to say, after verdict, that the averments of the petition are *too indefinite* to fasten a personal obligation upon him.

The facts testified to by the plaintiff as above were denied by Ingals. In addition, however, the following facts were shown by uncontroverted evidence: The contract for the erection of the building provided that Ingals should pay out of the contract price all material men upon orders of the contractor. There was a balance in Ingals' hands sufficient to pay this claim which is admitted to be due and unpaid, and the contractor gave to plaintiff an order upon Ingals for its payment, which Ingals concedes would have been honored but for its subsequent revocation. Since the judgment rendered in the case is both against Ingals and the contractor, and its payment is a full protection to Ingals as against the contractor, it is one which is clearly for the right party. Even if the case were retried on pleadings technically accurate, the same result would be unavoidable.

All the judges concurring, the judgment is affirmed.