EVA M. RICH, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, July 2, 1912.

1. INTERSTATE COMMERCE: Who Engaged In: Railroad Switchman: Federal Employers' Liability Act. A switchman, engaged in switching, in a railroad division yards in this state, a car loaded with freight and in transit from this state to another state, is engaged in interstate commerce, within the Federal Employers' Liability Act (Act Cong. April 22, 1908; Chap. 149, U. S. Stat. at Large, Vol. 35, pp. 65, 66).

2. DEATH BY WRONGFUL ACT: Death of Railroad Switchman: Interstate Commerce: Federal Employers' Liability Act: Exclusive Remedy. The Federal Employers' Liability Act (Act Cong. April 22, 1908; Chap. 149, U. S. Stat. at Large, Vol. 35,

pp. 65, 66) supersedes the law of the state in so far as the latter covers the same field, and hence the widow of a railroad employee who was killed while engaged in switching cars containing interstate shipments cannot recover for his death under sections 5425, 5427, Revised Statutes of Missouri of 1909.

3. FEDERAL QUESTION: Interstate Commerce: Controlling Effect of Federal Decisions: Courts. A decision of the United States Supreme Court, construing a Federal statute regulating interstate commerce, is controlling on state courts.

4. DEATH BY WRONGFUL ACT: Death of Railroad Switchman: Interstate Commerce: Federal Employers' Liability Act: Exclusive Remedy. Where a railroad employee, engaged in interstate commerce, was killed in consequence of a defective car, his widow, though not declaring under the Federal Employers' Liability Act (Act April 22, 1908; Chap. 149, U. S. Stat. at Large, Vol. 35, pp. 65, 66), cannot recover for his death under sections 5425, 5427, Revised Statutes of Missouri of 1909, authorizing an action by a widow for the death of her husband by wrongful act, but a right of action can be maintained only under the Federal act, which requires the personal representative of the decedent to sue for the benefit of the widow and children.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1)   The defense, stricken out by the court, set up a state of facts showing the death of plaintiff's husband occurred while he was in the employ of the defendant, and while the defendant was engaging in commerce between states, and, therefore, her cause of action, if any she has, arose under the laws of the United States, and she could not maintain the suit in her own name, but under the act of Congress the personal representative of her deceased husband must sue.   35 U. S. Statutes at Large, p. 65, sec. 1; Colasurdo v. Railroad, 180 Fed. 832; Zikos v. Railroad, 179 Fed. 893; Watson v. Railroad, 169 Fed. 942; Johnson

v. Railroad, 102 C. C. A. 89, 178 Fed. 643. (2) At the time of the accident the car in question was engaged in interstate commerce, and was loaded with interstate commerce, and on its journey, and the federal statute applies to this case. United States v. Railroad, 85 C. C. A. 27, 157 Fed. 321; Railroad v. United States, 101 C. C. A. 249, 177 Fed. 623; Railroad v. Voelker, 65 C. C. A. 226, 129 Fed. 522. (3) The Federal Railroad Employers' Liability Act of April 22, 1908, is exclusive and supersedes all state statutes regulating the relations of railroad employers and employees engaged in interstate commerce. Fulgham v. Railroad, 167 Fed. 660.

*James A. Finch* for respondent.

(1) The next assignment of error is not raised in appellant's original brief, but in a supplemental brief. That is the action of the trial court in sustaining plaintiff's motion to strike out the fourth count of defendant's answer. We submit that the court's action was proper for several reasons: 1st. Because the Federal Employers' Liability Act is unconstitutional, and has so been held by respectable courts. Hoxie v. Railroad, 73 Atl. 754; 2nd. Because if said act is constitutional, it does not deprive a party from proceeding under either the state or federal law unless the employee is engaged exclusively in interstate commerce. Troxell v. Railroad, 180 Fed. 871. 3rd. The answer did not allege facts sufficient to show that the deceased was engaged in interstate commerce exclusively or even at all. Where the employment is local in character the statute does not apply. Pederson v. Railroad, 184 Fed. 737; Taylor v. Railroad, 178 Fed. 380. (2) It has been held in states that have enacted safety appliance laws that they are not unconstitutional because Congress has legislated on the same subject. Railroad v. Ohio, 91 N. E. 869; New York v. Railroad, 91 N. E. 849. An employee engaged

in opening the door for an engine house, turning turntable, etc., has been held to not come within the act. Malone v. Railroad, 65 Iowa, 417. And so with a car repairer working on a side track. Toler v. Railroad, 64 Iowa, 644. A bridge worker is not within the act. Johnson v. Railroad, 43 Minn. 222.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff because of the death of her husband through the wrongful act of defendant. Plaintiff recovered in the amount of $7000 and defendant prosecutes the appeal.

The suit proceeds under the Missouri statutes which operate the transmission of a cause of action, not exceeding $10,000, to the wife for the death of her husband, resulting from the wrongful act of another. At the time of his death, September 3, 1909, plaintiff's husband, Andrew J. Rich, was in the employ of defendant as the foreman of a switching crew, engaged in switching cars at Chaffee, Missouri. The switching crew, together with plaintiff's husband, their foreman, was in the act of dissevering a train and placing the several cars thereof on different tracks in defendant's yards. While thus engaged, it became the duty of Rich, the decedent, to go upon the car and set the brake as it moved down an incline on track No. 6. The evidence tends to prove that this car was equipped with a defective grab iron in that it was insecurely fastened to its side. Because of such defective fastening, the grab iron gave way and precipitated Rich upon the railroad track, where he was run upon and killed by the car from which he fell. As before said, plaintiff, wife or widow of the decedent, prosecutes the suit under the provisions of the Missouri statutes (Secs. 5425, 5427, R. S. 1909) for $10,000 damages alleged to have accrued to her because of the wrongful act of defendant in that it negligently furnished the car with a defective grab iron for her husband to work upon.

Among other matters set forth in the answer, defendant pleaded that plaintiff could not maintain the suit as the widow of Andrew J. Rich, the decedent, but, instead, it should be instituted and prosecuted by the personal respresentative of Rich, in accordance with the provisions of the Federal Employers' Liability Act. This paragraph of the answer sets forth that defendant is a common carrier by railroad, engaged in commerce between the several states, and avers that plaintiff's husband was in its employ at the time of his death. It avers, too, that plaintiff's husband was then and there engaged in interstate commerce, in that he was engaged in switching and upon and about one of its cars then laden with articles of interstate commerce. It is averred that the car on which was the defective grab iron and which occasioned the death of plaintiff's husband was loaded at Portageville, Missouri, with merchandise destined to Pickneyville and Thebes in the state of Illinois, and that said car was then in transit over defendant's railroad from such point in Missouri to Pickneyville and Thebes in the state of Illinois and as such was employed by defendant as an instrument of interstate commerce; that while said car was thus laden with goods destined from a point in Missouri to the points named in Illinois and being switched in the yards at Chaffee, plaintiff's husband came to his death thereby, while he was engaged in the transportation of interstate commerce in the act of switching the same from one track to another. Because of these facts, defendant denied plaintiff's right to maintain this suit under the statutes of Missouri and averred that, if any cause of action whatever existed against it on account of the death of Rich, it should be prosecuted by his personal representative under the Act of Congress entitled, "An Act Relating to the Liability of Common Carriers by Railroad to Their Employees in Certain Cases," approved April, 22, 1908.

On motion of plaintiff, the court struck out the fourth paragraph of the answer, above epitomized, as though the matter therein set forth was wholly immaterial to the right of the widow to proceed with the suit. There can be no doubt that the court erred in this ruling, for, if the facts thus set forth are true, plaintiff's husband was engaged in interstate commerce at the time of his death. It has been pointedly determined that a car laden with goods and being moved from a point in one state to a point in another is impressed with the character of interstate traffic, which will follow and attend the shipment until the transit ceases, and this, too, notwithstanding the fact that the injury complained of was received in switching such car in the yards of a railroad division, as here. Such is the opinion of the United States Circuit Court of Appeals of this, the Eighth Circuit, as will appear by reference to Chicago, M. & St. P. Ry. Co. v. Voelker, 129 Fed. 522. For other authorities reflecting the principle, see United States v. Colorado & N. W. R. Co., 157 Fed. 321 (C. C. A. 8th Circuit); Norfolk & W. Ry. Co. v. United States, 177 Fed. 623 (C. C. A. 4th Circuit). That plaintiff's husband was engaged in the transportation of interstate commerce at the time of his death is not to be doubted, for he was then acting in the authority of the master as defendant's servant in switching a car laden with articles of commerce in transit from one state to another.

In the recent case of Walsh v. New York, New Haven, etc., R. Co., 223 U. S. 1, the decedent, a car repairer, in the employ of the railroad company, came to his death while engaged in replacing a drawbar on one of defendant's cars then laden with interstate commerce, as a result of other cars being pushed by fellow-servants of the decedent against the car under repair. On this state of facts, the Supreme Court of the United States declared the decedent was engaged in interstate commerce at the time of his death

and that the cause of action which accrued therefrom was properly prosecuted under the Employers' Liability Act. [See Second Employers' Liability Cases, 223 U. S. 1. As touching upon the same matter, see Zikos v. Oregon R. & N. Co., 179 Fed. 893; Colasurdo v. Central Railroad of New Jersey, 180 Fed. 832.] These authorities are conclusive on the question here in judgment, to the effect that plaintiff's husband was engaged in interstate commerce at the time of his injury and death. This being true, the act of Congress, approved April 22, 1908, entitled, "An Act Relating to the Liability of Common Carriers by Railroad to Their Employees in Certain Cases" supersedes the law of the state in so far as the latter covers the same field and precludes the right of the widow to recover under our statutes (Secs. 5425, 5427, R. S. 1909).

The portions of that act relevant here are the sections hereinafter copied, for the cause of action accrued September 3, 1909 and prior to the amendment of the act, approved April 5, 1910.

"Sec. 1. That every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency,

166 Mo. App.—25

due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Sec. 3. That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

"Sec. 4. That in any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

"Sec. 5. That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the

person entitled thereto on account of the injury or death for which said action was brought.

"Sec. 6. That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued. .

"Sec. 7. That the term 'common carrier' as used in this act shall include the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier.

"Sec. 8. That nothing in this act shall be held to limit the duty or liability of common carriers or to impair the rights of their employees under any other act or acts of Congress, or to affect the prosecution of any pending proceeding or right of action under the act of Congress entitled 'An Act relating to liability of common carriers in the District of Columbia and territories, and to common carriers engaged in commerce between the states and between states and foreign nations to their employees,' approved June eleventh, nineteen hundred and six." (Chap. 149, U. S. Stat. at Large, Vol. 35, pp. 65, 66).

Under this act, the suit is to be prosecuted by the personal representative of Rich for the benefit of the surviving widow and children of such employee and, if none, then of such employee's parents, and, if none, then of the next of kin, dependent upon such employee. In Northern Pacific Ry. Co., P. E., v. Babcock, D. E., 223 U. S. 1, the suit was prosecuted under the Employers' Liability Act by the administrator of the decedent, who came to his death in the state of Montana. By the provisions of the Employers' Liability Act, the recovery by such administrator is available to the widow, while under the statutes of Montana, it should be for the benefit of the widow and his sister jointly. On this state of facts, the question was made: "Do these regulations (i. e., Employers' Liability Act) supersede the laws of the state in so far as

the latter cover the same field?'' The Supreme Court answered the question thus made in the affirmative, to the effect that, inasmuch as Congress had acted upon the subject, the provision of the Federal statute was exclusive. Touching this question, the court said: ''The third question, whether those regulations supersede the laws of the states in so far as the latter cover the same field, finds its answer in the following extracts from the opinion of Chief Justice MARSHALL in McCulloch v. Maryland, 4 Wheat. 316: (p. 405) 'If any one proposition could command the universal assent of mankind, we might expect it would be this, that the government of the Union, though limited in its powers, is supreme within its sphere of action. This would seem to result necessarily from its nature. It is the government of all; its powers are delegated by all; it represents all, and acts for all. Though any one state may be willing to control its operations, no state is willing to allow others to control them. The nation, on those subjects on which it can act, must necessarily bind its component parts. But this question is not left to mere reason; the people have, in express terms, decided it, by saying, 'this Constitution, and the laws of the United States, which shall be made in pursuance thereof, . . . shall be the supreme law of the land,' and by requiring that the members of the state Legislature, and the officers of the executive and judicial departments of the states, shall take the oath of fidelity to it. The government of the United States, then though limited in its powers, is supreme; and its laws, when made in pursuance of the Constitution, form the supreme law of the land, 'anything in the Constitution or laws of any state, to the contrary notwithstanding.'

''(p. 426) 'This great principle is, that the Constitution and the laws made in pursuance thereof are supreme; that they control the Constitution and laws

of the respective states, and cannot be controlled by them.

"And particularly opposite is the repetition of that principle in Smith v. Alabama, 124 U. S. ·465, 473:

"The grant of power to Congress in the Constitution to regulate commerce with foreign nations and among the several states, it is conceded, is paramount over all legislative powers which, in consequence of not having been granted to Congress, are reserved to the states. It follows that any legislation of a state, although in pursuance of an acknowledged power reserved, to it, which conflicts with the actual exercise of the power of Congress over the subject of commerce, must give way before the supremacy of the national authority.

"True, prior to the present act .the laws of the several states were regarded as determinative of the liability of employers engaged in interstate commerce for injuries received by their employees while engaged in such commerce. But that was because Congress, although empowered to regulate that subject, had not acted thereon, and because the subject is one which falls within the police power of the states in the absence. of action by Congress. [Sherlock v. Alling, 93 U. S. 99; Smith v. Alabama, 124 U. S. 465, 473, 480, 482; Nashville, etc., Railway v. Alabama, 128 U. S. 96, 99; Reid v. Colorado, 187 U. S. 137, 146.] The inaction of Congress, however, in no wise affected its power over the subject. [The Lottawanna, 21 Wall. 558, 581; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 215.] And now that Congress has acted, the laws of the states, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is. [Gulf, Colorado & Santa Fe Railway Co. v. Hefley, 158 U. S. 98, 104; Southern Railway Co. v. Reid, 222 U. S. 424; Northern Pacific Railway Co. v. Washington, 222 U. S.

370]." [See Second Employers' Liability Cases, 223 U. S. 1, 53, 54, 55.]

Under the Constitution of the United States, the subject-matter of commerce between the states is one exclusively within the power of Congress and such regulations as it has provided within the limits of the Constitution supersede and displace all state laws concerning rights arising thereabout. The interpretation, construction and effect of Federal Statutes concerning such commerce by the Supreme Court of the United States is conclusive upon all other tribunals when the same matters are called in question. It is, therefore, obvious that, though plaintiff did not declare upon the Employers' Liability Act, she nevertheless may not maintain this suit under our statute, for the right of recovery is given by the authority of Congress to the personal representative of her husband for the benefit of herself and his children.

The court erred in striking out the portion of the answer above mentioned and in denying defendant the right to show the facts therein set forth. Because of this, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.