THOMSON et ux. v. COLUMBIA & P. S. R. CO.

(District Court, W. D. Washington, N. D.   May 9, 1913.)

No. 2,413.

COMMERCE (§ 27*)—EMPLOYER'S LIABILITY ACT—EMPLOYÉ—"EMPLOYED IN INTERSTATE COMMERCE."

An employé of a railroad company engaged in interstate commerce, who was killed while engaged with others in repairing a bridge on the line of road over which such commerce was carried on, was at the time employed in interstate commerce, within the meaning of Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), and an action for his death may be maintained thereunder.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

At Law.   Action by Walter Thomson and Martha Thomson, his wife, against the Columbia & Puget Sound Railroad Company.   On demurrer to amended complaint.   Overruled.

O. E. Sauter and Edward Judd, both of Seattle, Wash., for plaintiffs.

Farrell, Kane & Stratton, of Seattle, Wash., for defendant.

CUSHMAN, District Judge.   This cause is now before the court upon defendant's demurrer to plaintiffs' amended complaint.   The suit is one by the parents of Walter Gilbert Thomson, a "single man" (presumably a bachelor), alleged to have been killed through the negligence of the defendant while in its employ.   It is alleged:

"That on the 26th day of November, 1911, the defendant was the owner of and engaged in operating a certain railroad in said county of King, upon which railroad and as a part of the same there was a certain bridge located in said county of King upon the right of way of the defendant, and crossing a certain river in said county known as the Cedar river.   That said bridge was what was known as a truss bridge, and extended from one bank to the other bank of said Cedar river, resting upon piers at each end of said bridge, and on the top of said bridge were laid the steel tracks of said railroad. That a short time prior to the day last mentioned, the waters of the Cedar river arose in a flood and washed away the foundation of one of the piers supporting said bridge, and caused one end of said bridge to sink and fall for a distance.   That correct pictures of the appearance of said bridge after one end of the same had sunk as aforesaid are attached to the original complaint herein and marked Exhibits A and B, and hereby made a part of this amended complaint.

" * * * That at the time and place last mentioned one Walter Gilbert Thomson was in the employ of the defendant as a bridge carpenter, and was engaged in working as a bridge carpenter in connection with the repairing and reconstructing of said bridge under the direction and supervision of said superintendent of bridge work and said roadmaster.   That there was also engaged in said work a foreman, directing the work of the men who were engaged in doing the work in connection, with said bridge, which foreman was obeying the immediate orders and instructions of said superintendent of bridge work and said roadmaster, and the said Thomson was working under the immediate direction of said foreman.   That the said Thomson and several

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other men in the employ of the defendant, acting under the immediate direction of said foreman, were engaged in removing certain logs and timber which was jammed against the said bridge. * * *

"That at the time of the collapse of said bridge, resulting in the death of said Walter Gilbert Thomson as above described, the said defendant and all of their agents and employés, including the said Walter Gilbert Thomson, were engaged in carrying on and participating in interstate and foreign commerce in such a manner that their mutual connection with intrastate work was not separable and distinguishable from interstate or foreign commerce. That the plaintiffs are entitled to bring this action under the act of Congress of the United States regulating the liability to their employés of common carriers engaged in interstate and foreign commerce."

The defendant, demurring, contends that the deceased was not a laborer engaged or employed in interstate commerce at the time he was killed, within section 1 of the act of April 22, 1908 (35 Stat. 65, c. 149 [U. S. Comp. St. Supp. 1911, p. 1322]).

The allegation in the complaint that the intrastate and foreign commerce in which the defendant and the deceased were engaged in carrying on were of such a character that the "mutual connection with intrastate work was not separable and distinguishable from interstate or foreign commerce" was, evidently, inserted to take the case out of section 18 of the Washington State Compensation Act. Laws 1911, c. 74.

Plaintiffs rely upon the following authorities: Second Employers' Liability Cases (Mondou v. N. Y., N. H. & H. R. Co.) 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Darr v. Baltimore & O. R. Co. (D. C.) 197 Fed. 665; Zikos v. Ore. R. & N. Co. (C. C.) 179 Fed. 893; Colasurdo v. Central R. Co. (C. C.) 180 Fed. 832, affirmed (C. C. A.) 192 Fed. 901; Behrens v. Illinois Central R. Co. (D. C.) 192 Fed. 581; Johnson v. Great Northern R. Co., 178 Fed. 643, 102 C. C. A. 89; Freeman v. Powell (Tex. Civ. App.) 144 S. W. 1033; Jones v. Chesapeake & O. R. Co., 149 Ky. 566, 149 S. W. 951; Horton v. Oregon-Washington Railroad & Navigation Co. (Wash.) 130 Pac. 897.

Defendant relies upon the following authorities: Taylor v. Southern Ry. Co. (C. C.) 178 Fed. 380; Pedersen v. Delaware, L. & W. R. Co. (C. C.) 184 Fed. 737; affirmed, 197 Fed. 537, 117 C. C. A. 33; Lamphere v. Ore. R. & N. Co. (C. C.) 193 Fed. 248 (reversed 196 Fed. 336, 116 C. C. A. 156).

The reason and weight of authority in and out of this circuit constrain the court to overrule the demurrer upon the only ground that has been argued.

Other grounds of demurrer are that there is a defect of parties plaintiff and that plaintiffs have no legal capacity to sue. The Employer's Liability Act provides that, in case of the death of the employé, "his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents," may sue. There has been no hearing upon these grounds of demurrer. If defendants rely upon them, they will be further heard.

It may be plausibly argued that a railroad in process of construction and the constituent elements that are to enter into it, the ties, tim-

bers, rails, and the like, are not instrumentalities employed in interstate commerce. Not so a completed railroad, which has been employed and used in such commerce, and still is being so used. The track, its bridges, and trestles are as much instrumentalities of commerce, intrastate and interstate, as the cars and engines. The latter may be a degree nearer the merchandise and persons who form the subject of transportation than the track over which it is carried: but the track, though one step further removed, is no less an instrumentality of that commerce.

If a man engaged in the repair of a car used in interstate commerce, which is temporarily out of commission, is employed in such commerce (Northern Pac. R. Co. v. Maerkl, 198 Fed. 1, 117 C. C. A. 237), it is equally clear that the man who is at work, either trying to save a partly demolished bridge of a railroad carrying interstate commerce, or employed in repairing it, is also so employed. The latter's work is one to restore and prevent the further interruption of interstate commerce. His injury or death while so employed would further interfere with that commerce. The effect upon commerce of a destroyed track and the bridge forming a part of it would as completely interfere with the commerce carried on over it as would damage to a car in which merchandise or passengers were carried, and the interference would be more extensive and far-reaching in the former than the latter case. Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Northern Pac. Ry. Co. v. Maerkl, 198 Fed. 1, 117 C. C. A. 237; Ore. R. & N. Co. v. Lamphere, 196 Fed. 336, 116 C. C. A. 156; Horton v. Oregon-Washington R. & N. Co. (Wash.) 130 Pac. 897.

Demurrer overruled, save as above indicated.