W. R. McINTOSH, Respondent, v. ST. LOUIS and SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, July 10, 1914.

1. MASTER AND SERVANT: Injuries: Fellow Servants: Negligence: Pleadings: Review: Sufficiency.   In an action by a servant for injuries received while in the master's employ a petition which states that defendant company operated a railroad between points in the State, that the servant was injured while repairing a bridge, which formed part of the defendant's roadbed, by the negligence of a co-employee, is examined and considered sufficient to state a cause of action under the Federal Employer's Liability Act [35 Stat. 65, ch. 149 (U. S. Comp. St. Supp. 1911, p. 1322)], though it does not allege that defendant was engaged in interstate commerce which was the only objection leveled against it.

2. RAILROADS: Interstate Commerce: What Constitutes. Every railroad however short its own line may be, engages in inter-

state commerce in handling freight or passengers destined to a point in another State, whether such point of destination is reached by its own road or through a connecting carrier. All railroads in this State are required to engage in interstate commerce.

3. APPEAL AND ERROR: Error Favorable to a Party: Such Party Cannot Complain of. Error which is in defendant's favor is not open to his complaint.

4. RAILROADS: Employer's Liability Act: Notice of by Courts. Courts will take knowledge of the fact that the Federal Employer's Liability Act is applicable to railroads of the state on the theory that they are engaged in interstate commerce.

5. PLEADING AND PRACTICE: Employer's Liability Act: Actions Under: Rules Applicable. In actions arising under the Employer's Liability Act State and Federal courts have concurrent jurisdiction. But when the suit is brought in the State court, matters relating to mere pleadings and practice are governed by the State law.

6. ————: Railroads: Interstate Commerce: Sufficiency of Petition. It is not necessary to allege specifically that a railroad is engaged in interstate commerce in order that the court take knowledge that an Act of Congress regulating interstate commerce is applicable thereto.

7. PLEADING AND PRACTICE: Testing Sufficiency of Petition. The method of testing the sufficiency of the petition by objecting to the introduction of evidence thereunder is not favored and is not sufficient to raise an objection which in order to be valid must be supported by evidence to be introduced later.

8. PLEADING: Objections to Sufficiency of Petition: Motion to Make More Definite. In an action against a railroad company for injuries to an employee caused by the negligence of a co-employee, where the petition does not refer to any State or Federal statute as the basis of its action, the defendant company should move to make the petition specific and definite as to the character of its business, where it seeks to interpose a defense based on the Federal Employer's Liability Act.

9. APPELLATE PRACTICE: Petition: Omissions: Harmless Error. In an action for injuries to a railroad employee caused by the negligence of a co-employee a failure to state in the petition that the cause of action was based on the Federal Employer's Liability Act must be disregarded where the defendant company was accorded all the rights and defenses coming to it under that Act, the judgment being good after verdict. [Citing Section 2082, R. S. 1909.]

Appeal from Pemiscot Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark,* and *A. P. Stewart* for appellant.

(1) The Federal Employers' Liability Act of April 22, 1908, is exclusive, and supersedes all State statutes regulating the relations of railroad employers and employees engaged in interstate commerce. Act Cong., April 22, 1908, 35 U. S. Stat. L. 65; Second Employers' Liability Cases, (Mondou v. Railroad), 223 U. S. 1; 56 L. Ed. 327; Railroad v. Wulf, 226 U. S. 570; 57 L. Ed. 355; Railroad v. Seale, 229 U. S. 156; 57 L. Ed. 1129; Railroad v. Vreeland, 227 U. S. 59; 57 L. Ed. 417; Fulgham v. Railroad, 167 Fed. 660; Kelly's Admx. v. Railroad, 201 Fed. 602; Rich v. Railroad, 166 Mo. App. 388; State v. Railroad, 212 Mo. 680; State v. Railroad, 238 Mo. 32. (2) All employees who participate in the maintenance or operation of the instrumentalities for the general use of an interstate railroad are employed in interstate commerce within the meaning of the Federal Employers' Liability Act. Pedersen v. Railroad, 229 U. S. 146; 57 L. Ed. 1125; Railroad v. Seale, 229 U. S. 156; 57 L. Ed. 1129; Thomson v. Railroad, 205 Fed. 203; Montgomery v. Railway, 131 Pac. 507; Watson v. Railroad, 169 Fed. 942; Zikos v. Ry. & Nav. Co., 179 Fed. 893; Behrens v. Railroad, 192 Fed. 581; Colasurdo v. Railroad, 180 Fed. 832; affirmed, 113 C. C. A. 379; Lamphere v. Ry. & Nav. Co., 116 C. C. A. 156; Railroad v. Maerkl, 117 C. C. A. 237; Second Employers' Liability Cases, (Mondou v. Railroad), 223 U. S. 1; Freeman v. Powell, 144 S. W. 1033; Darr v. Railroad, 197 Fed. 665. (3) The State court should dismiss where case is controlled by the Federal statute according to the evidence and peti-

tion states a case under a State statute. Railroad v. Seale, 229 U. S. 156; 57 L. Ed. 1129; Railroad v. Hesterly, Adm., 228 U. S. 702; 57 L. Ed. 1031; Sweringen v. St. Louis, 185 U. S. 46; Railroad v. Purdy, 185 U. S. 152. (4) The petition states a case under the State statute, while the evidence shows a case controlled by the Federal statute. In short, the case pleaded was not proved, and the case proved was not pleaded. In this situation, the demurrer to the evidence should have been sustained. Railroad v. Seale, 229 U. S. 156.

*Shepard & Reeves* for respondent.

(1) If the petition in this case was not good, in that it failed to allege whether plaintiff was engaged in interstate commerce at the time of his injury, then the proper way to reach such defect was by filing a motion to make the petition more definite and certain, but this defect cannot be reached by objection to the introduction of testimony. Patterson v. Springfield Traction Co., 178 Mo. App. 250; Alter v. Frick, 62 Mo. App. 453; Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 685. (2) The petition must be held good after verdict if it states a cause of action, however defectively; especially when the petition is not attacked except by an oral objection to the introduction of testimony. Roberts v. Walker, 82 Mo. 206; Pomeroy v. Benton, 57 Mo. 550; State ex rel. Gardner v. Webb et al., 177 Mo. App. 60; Secs. 1831 and 1850, R. S. 1909. (3) It was not necessary that the petition refer to the Federal Employers' Liability Act. The courts of this State are presumed to be cognizant of this Act of Congress, and though a specific reference to the State fellow-servant act had been made in the petition, still such reference would not have vitiated the pleading. Railroad v. Wulf, 226 U. S. 570; 57 L. Ed. 355; McAdow v. Railroad, — Mo. App. —; Johnston v. Railroad, — Mo. App. —. (4) The defendant was not denied a single

right vouchsafed to it under the Federal Employers' Liability Act; it was permitted to prove, or attempt to prove, every element of defense as fully and completely as if the alleged defect in the petition had not existed. The substantial rights of appellant were not affected by reason of such error or defect in the petition, and this court will not reverse the judgment of the trial court "unless it shall believe that error was committed by such court against appellant . . . and materially affecting the merits of the action. Secs. 1850 and 2082, R. S. 1909; See Authorities, supra, under Point 3. (5) The ground alleged by appellant for reversal of this case is an extreme technical one. Our statute was designed to prevent new trials on merely technical grounds; and more especially, in cases like this, where, under the undisputed evidence, the result is bound to be the same on another trial. Sec. 2082, R. S. 1909; Heer v. Railroad, 41 Mo. App. 43; Cross v. Goul, 131 Mo. App. 593; McDermott v. Claas, 104 Mo. 14; Bragg v. Metropolitan Street Railroad, 192 Mo. 357. (6) A judgment should not be reversed when the right result was reached, though the record shows that the proceedings were irregular and erroneous. Woody v. Railroad, 104 Mo. App. 678; Petersen v. Transit Co., 199 Mo. 331.

STURGIS, J.—Suit for personal injuries sustained by plaintiff by reason of the negligence of a fellow-servant, both being employees of the defendant railroad and engaged in the same work. The work in which they were engaged was that of repairing a bridge constituting a part of the defendant's roadbed. The particular instance causing the injury is that, having taken out of the bridge some defective timbers and trucked them down the track a short distance, the plaintiff and this fellow-servant were unloading the same from the truck by hand and in doing so the fellow-servant negligently dropped his end of a large tim-

ber without warning to plaintiff, thereby causing plaintiff to lose his hold on the same, whereby it fell on his foot crushing it.

Defendant admits that there is evidence sufficient to show negligence of the fellow-servant causing plaintiff's injuries while they were working together for defendant as a common master in the work of repairing this bridge constituting a part of defendant's roadbed. The plaintiff recovered a verdict for $5000, but as a condition to overruling defendant's motion for new trial on the ground that the verdict was excessive, the trial court required plaintiff to enter a remitter, which he did, for $1500, and thereupon the judgment was entered against defendant for $3500, and from this judgment defendant perfected and prosecutes this appeal.

The principal error assigned here arises on the court's overruling defendant's objection, timely made, to the introduction of any evidence under the petition for the reason that "at the time of the alleged injury to the plaintiff he was engaged in working on an interstate railroad and, therefore, was engaged in interstate commerce, and his cause of action, if any, arises under the Act of Congress known as the 'Employers' Liability Act' and not under the Statute of Missouri, and the petition fails to state facts sufficient to constitute a cause of action under said Act of Congress known as the 'Employers' Liability Act.'" At the close of the evidence the defendant interposed a demurrer to same, "that under the pleadings and evidence the plaintiff is not entitled to recover and your verdict must be for the defendant."

Defendant's position, as we understand it, is that the petition here is essentially bottomed on our State statute making railroads and similar carriers liable for injury to their employees arising from the negligent acts of a coemployee, and that, as defendant's evidence afterward showed this defendant was at the time

of the injury engaged in interstate commerce, plaintiff's cause of action, if any, must be bottomed on the Act of Congress of April 22, 1908, known as the Federal Employers' Liability Act, 35 United States Statute L. 65, and that being tested by the latter act, the petition is not sufficient. The essential allegations of the petition, the sufficiency of which is thus challenged, are these: That defendant is a corporation under the laws of this State; that, at all the times mentioned, the defendant was operating a railroad from Cape Girardeau and other points in this State to St. Louis and other points in that State, passing through the town of St. Marys and through Pemiscot county in this State; that plaintiff and other employees were at the time of his injury engaged in repairing one of defendant's bridges at or near St. Marys, and, thereby, "were engaged in operating defendant's railroad;" that while so engaged the plaintiff was injured by the negligence of a coemployee while they were unloading some bridge timbers, setting out the manner and particulars of receiving his injury and the acts of negligence of the coemployee causing the same; that thereby plaintiff suffered great mental and physical pain and his ability to do work and his earning capacity have been greatly and permanently impaired; that by reason of the premises he is damaged and therefor asks judgment.

It will be readily noticed that there is no specific statute referred to, either State or Federal, as the basis of the action, but the pleader, as directed to do under our code, states the facts which he says under the "law of the land" entitles him to a judgment for the injuries received at the hands of a court having jurisdiction to grant such relief. It will not be doubted that the Act of Congress in question is part of the law of the land and is equally so with any State statutes. Defendant's criticism of the petition is that it does not state either the fact itself, or facts which show, that defendant was at the time engaged in interstate

McIntosh v. Railroad.

commerce; but that, by alleging that defendant operated its railroad between points in this Stae and that plaintiff's employment and injuries were in this State, such facts imply that defendant was engaged only in intrastate commerce. But this would not follow by any means, since it is common knowledge that under the large meaning of interstate commerce given by the courts, every railroad, however short its own line, engages in interstate commerce in handling freight or passengers destined to a point in another State, whether such point of destination is reached by its own line or through a connecting carrier. All railroads in this State are, in fact, required to engage in interstate commerce. [State v. Railroad, 212 Mo. 658, 677, 111 S. W. 500.] As there held, it is not necessary to specifically allege that a railroad is engaged in interstate commerce in order that the court take knowledge that an Act of Congress regulating interstate commerce is applicable thereto. Yet, the lack of such allegation is the only defect suggested in this petition.

That the provisions of the Federal Employers' Liability Act are exclusive in all matters pertaining to defendants' liability to plaintiff for the injuries inflicted on plaintiff by it while he was its employee and both were engaged in interstate commerce is the well-settled law and is so conceded by both parties. [Mondou v. Railroad, 223 U. S. 1, 56 L. Ed. 327, 341; Railroad v. Wulf, 226 U. S. 570, 57 L. Ed. 355; Railroad v. Vreeland, 227 U. S. 59, 57 L. Ed. 417; Rich v. Railroad, 166 Mo. App. 379, 148 S. W. 1011; State v. Railroad, 212 Mo. 658, 680, 111 S. W. 500.]

It is also conceded that the work of repairing defendant's bridge, constituting as it did a part of defendant's roadbed, so pertains to its interstate commerce business and the instrumentalities thereof, that the liability for injuries suffered by plaintiff while engaged in said work due to the negligence of his coemployee, is governed exclusively by the Act of Congress

in question. [Pedersen v. Railroad, 229 U. S. 146, 57 L. Ed. 1125; Thomson v. Railroad, 205 Fed. 203; Montgomery v. Railroad (Oregon), 131 Pac. 507.] We all agree, therefore, that defendant's liability in this case and the substantive facts which must be alleged and proven in order to warrant a recovery by plaintiff are exclusively to be determined by and are dependent on the said Act of Congress.

Nor is plaintiff's right to maintain a suit in the State courts for an injury, the defendant's liability for which is governed exclusively by the Federal law in question, controverted here. Such Act of Congress so provides and it also provides that State and Federal courts have concurrent jurisdiction in such cases; though when the suit is brought in the State court, matters relating to mere pleadings and practice are governed by the State laws. [Mondou v. Railroad, 223 U. S. 1, 56 L. Ed. 327, 349; McAdow v. Railroad, — Mo. App. —, 164 S. W. 188, 190.]

Suppose then that the State and Federal statutes on this subject of the carrier's liability to its employees for personal injuries are identical, the one applying exclusively to intrastate and the other to interstate commerce. Would any one in such case contend that the pleader in stating his cause of action must *eo nomine* designate which kind of commerce the action applies to? Such would then be an immaterial fact and could not be an essential allegation. So far as the present suit is concerned the State and Federal laws are the same. Each imposes liability on the defendant under the facts pleaded and proven for the negligent act of a fellow-servant. The evidence which would sustain the cause of action under the one statute, also sustains it under the other. There is no merit whatever in the objection made that the petition does not state facts sufficient to constitute a cause of action under the Federal statute. There are material differences between the Federal and State statutes in some

respects, which either party has a right to invoke, but those differences do not pertain to the present case, at least so far as defendant is concerned. The plaintiff might have invoked the provisions of the Federal statute allowing a recovery on the theory of comparative negligence instead of running the risk of entire defeat in case any contributory negligence had been found. The defendant, however, cannot complain of error in its favor. [Johnston v. Railroad, — Mo. App. —, 164 S. W. 260, 262.]

We can well understand why a court would harken to a defendant in insisting that its liability be no different in a case growing out of interstate commerce than that described by the Act of Congress. So a widow was not allowed to recover for the death of her husband under our penal State statute, giving her such right, in a case governed by the Federal law, for the reason that the Federal law, which is paramount, is not thus penal and confines the right of action in such a case to the personal representative of the deceased and hence the plaintiff had no cause of action. [Rich v. Railroad, 166 Mo. App. 379, 388, 390, 148 S. W. 1011.] Such also is the underlying principle of St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 57 L. Ed. 1129, where the court said: "When the evidence was adduced it developed that the real case was not controlled by the State statute, but by the Federal statute. In short, the case pleaded was not proven, and the case proved was not pleaded. . . . Two of the plaintiffs, the father and mother, in whose favor there was a separate recovery, are not even beneficiaries under the Federal statute, there being a surviving widow; and she was not entitled to recover in her own name, but only through the deceased's personal representative, as is shown by the terms of the statute and the decisions before cited." So also the case of St. Louis, I. M. & S. R. Co. v. Hesterly, 228 U. S. 700, 57 L. Ed. 1031, is a death case where the plaintiff had a cause

of action under the State statute but none under the Federal statute.

In the present case the plaintiff was accorded no right not vouchsafed to him by the Federal statute. The defendant's liability was measured by that law as to the facts making it liable, the measure of damages and the persons suing therefor. It was denied no rights given it under the law it has invoked.

It is said in Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 569, 57 L. Ed. 255, 263, that: "Therefore the pleader was not required to refer to the Federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done." And the court there further held that in a suit for injuries resulting in death, commenced by the beneficiary under a State law and based thereon, the complaint could be so amended to permit such person to sue as personal representative under the Federal statute.

As a matter of practice pertaining to the courts of this State, the method of testing the sufficiency of the petition by objecting to the introduction of evidence thereunder is in disfavor and confined to narrow limits. That method is not sufficient to raise an objection which must be supported by evidence to be introduced later. A motion to make the petition specific and definite as to the character of defendant's business would have been appropriate if the defendant had really had any defense to interpose based on the disclosure that the case was governed by the Federal Employers' Liability Act. [Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 685, 142 S. W. 253; Alter v. Frick, 62 Mo. App. 453; Patterson v. Traction Co., 178 Mo. App. 250, 163 S. W. 955.] After the defendant has proceeded to trial on its answer and been allowed to prove the facts which make the case governed by the Federal statute and having been accorded all the rights and defenses coming to it under that act,

the judgment is good after verdict and to reverse same would be in the teeth of our statute, section 2082, forbidding us to reverse a case unless there be error affecting the merits of the action.

We have noted the assignment of error that the verdict is still excessive, but it is not seriously urged that this case falls within the limited powers given to us in that respect.

The judgment will therefore be affirmed. *Robertson, P. J.,* concurs. *Farrington, J.,* concurs.