IDA A. HEARST, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals.     Argued and Submitted January 5, 1915.     Opinion Filed February 2, 1915.

1. INTERSTATE COMMERCE: Persons Engaged In: Railroad Engineer: Federal Employers' Liability Act. An engineer of an interstate passenger train is engaged in interstate commerce, within the Federal Employers' Liability Act (Chap. 149, 35 U. S. State. at Large).

2. DEATH BY WRONGFUL ACT: Death of Railroad Engineer: Federal Employers' Liability Act: Persons Entitled to Sue. The widow of a railway engineer who was killed while operating the engine of an interstate passenger train cannot recover for his death under Secs. 5425-5427, R. S. 1909, since those sections have been superseded as to interstate commerce by the Federal Employers' Liability Act (Chap. 149, 35 U. S. Stat. at Large).

Appeal from Jefferson Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED *(with directions).*

· *R. T. Railey* and *N. A. Mozley* for appellant.

The record discloses that deceased, at the time of his injury, was an engineer in charge of the engine pulling a passenger train engaged in interstate commerce.  The petition and instructions of respondent show that the action was brought and tried under the provisions of the Damage Act of Missouri (R. S. 1909, chap. 38, p. 1712).  The Employers' Liability Act, adopted by the National Congress, April 22, 1908, abrogates the Damage Statute of Missouri in so far as the same applies to injuries to an employee while engaged in interstate commerce and, as no cause of action could be stated under a law that did not exist, the court was without jurisdiction and appellant's objection to the introduction of any testimony and to the jurisdiction of the court should have been sustained. Act, April 22, 1908, Federal Statutes Annotated Supplement 1909, page 584; Fulgam v. Railroad, 167 Fed. 660; State v. Railroad, 212 Mo. 658; Rich v. Railroad, 166 Mo. App. 379; Mondou v. Railroad (U. S.), 56 L. Ed. 348.

No brief filed for respondent.

REYNOLDS, P. J.—This is an action by plaintiff, widow of one William F. Hearst, to recover damages ($10,000) for the death of her husband, under the provisions of sections 5425, 5426 and 5427, Revised Statutes 1909.  The amended petition upon which the case was tried avers that defendant was operating a railroad extending from the city of St. Louis in the State of Missouri, through the county of Jefferson in said State, to the city of Texarkana, in the State of Ar-

kansas. The decedent sustained his injuries, from which he died, in consequence of a collision with another train, on May 5, 1910, at Hilliard Station, in Butler county, Missouri, a short distance north of Poplar Bluff, which was the end of the division over which plaintiff's husband was running the train. The train of which decedent was the engineer, was a through passenger train from St. Louis, Missouri, to Texarkana, Arkansas. From a verdict and judgment in favor of plaintiff for $4000, the defendant appeals.

Beyond question the husband of the plaintiff received his injuries and came to his death while in the employ of defendant, a common carrier by railroad, and while engaged in interstate commerce. [Second Employers' Liability Cases, 223 U. S. 1, l. c. 48.]

Counsel for appellant challenge the right of plaintiff, as widow, to maintain this action, basing that claim on section 2, chapter 149, 35 U. S. Statutes at Large, p. 65 (sec. 8658, p. 3913, 4 U. S. Compiled Statutes, Ed. 1913), the Act approved April 27, 1908. By section 2 of this Act, it is provided that every common carrier by railroad, engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier, . . . or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents, and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, . . . or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, . . . or other equipment." The injury resulting in the death of plaintiff's husband is said to have occurred through the negligent failure of defendant to furnish proper and safe appliances, the defective appliances, it being averred,

being an air compressor for operation of the brakes upon the train of which he was the engineer.

We had occasion to consider the application of this section of the United States law in connection with a suit brought by the widow of an employee who had been killed while in the employ of a railroad engaged in interstate commerce, in the case of Rich v. St. Louis & San Francisco R. Co., 166 Mo. App. 379, 148 S. W. 1011. We there held that this act of Congress imposing liability upon railroads engaged in interstate commerce for injuries sustained by their employees, supersedes the law of our State, in so far as the latter covers the same field, and that under the provisions of section 2, above referred to, the widow of an employee of such a carrier, the employee killed while engaged in switching cars containing interstate shipments, cannot recover for his death; that while under the provisions of our statute before cited, she could maintain the action, she could not do so under the provisions of the Federal statute. The question is so ably discussed and the authorities bearing on it so thoroughly compiled by Judge Nortoni, who wrote the opinion in that case, that it is not necessary to undertake to here go into any lengthy consideration of it. We may add, however, that since that decision the Supreme Court of our State in Ethel Thompson v. Wabash Railroad Co., —— Mo. ——, 171 S. W. 364, the opinion in which was very recently handed down, but not yet officially reported, has cited and quoted approvingly from what is held on this point in the Rich case. These decisions but follow what is determined by our Supreme Court in State v. Missouri Pacific Ry. Co., 212 Mo. 658, l. c. 678 and following, 111 S. W. 500. See, also, Fulgham v. Midland Valley Railroad Co., 167 Fed. Rep. 660, l. c. 662, where it is said, quoting from Robbins v. Shelby County Taxing District, 120 U. S. 489, l. c. 492; "The Constitution of the United States having given to Congress the power to regulate

commerce, not only with foreign nations, but among the several States, that power is necessarily exclusive whenever the subjects of it are national in their character, or admit only of one uniform system, or plan of regulation.''

In Mondou v. New York, New Haven & Hartford, R. Co. (commonly cited as Second Employers' Liability Cases), supra, holding that the act of Congress referred to is constitutional and that Congress may, in the execution of its power over interstate commerce, regulate the relations of common carriers by railroad and their employees, while both are engaged in such commerce, and that Congress had not exceeded its power in that regard by prescribing regulations embodied in the Employers' Liability Act, it is held that those regulations have superseded the laws of the several States in so far as the latter cover the same field, and that rights arising under the regulations prescribed by the act may be enforced, as of right, in the courts of the States, when their jurisdiction, as fixed by local laws, is adequate to the occasion. Included in this power over interstate commerce, it is further held in this case last cited, is the power to regulate relations of employers and employees while engaged in interstate commerce, so that Congress may establish new rules of law in place of common-law rules, including those in regard to fellow-servants, assumption of risk, contributory negligence, and right of action by personal representatives for death caused by wrongful neglect of another.

In this view of the law it is unnecessary to notice any other points presented on this appeal. We may add that the respondent was not represented before us by counsel or in any brief or argument.

The judgment of the circuit court is reversed and the cause remanded, with directions either to dismiss plaintiff's petition, or grant her leave to take a nonsuit. *Nortoni* and *Allen, JJ.,* concur.