The decree of the District Court is reversed, and the libel dismissed.

---

ST. BERNARD CYPRESS CO., Limited, v. JOHNSON.

(Circuit Court of Appeals, Fifth Circuit. April 27, 1915.)

No. 2726.

1. CARRIERS ☞240—MASTER AND SERVANT ☞198—LIABILITY FOR INJURIES —NEGLIGENCE OF "FELLOW SERVANT"—"PASSENGER."

Where an employer, after the day's work was done, carried its employés by train from the swamp where they were employed to its plant and quarters, charging them nothing for the transportation and making no deduction from their wages, an employé, while being so carried, was not a "passenger," the relation of employer and employé still continuing; and the engineer of a train following that on which an employé was riding was a "fellow servant" with such employé, for whose negligence, under the fellow servant doctrine prevailing in Louisiana, the employer was not liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 976; Dec. Dig. ☞240; Master and Servant, Cent. Dig. §§ 493–514; Dec. Dig. ☞198.

For other definitions, see Words and Phrases, First and Second Series, Fellow Servant; Passenger.

Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 86 C. C. A. 668; Flippin v. Kimball, 31 C. C. A. 286.]

2. APPEAL AND ERROR ☞1026—REVIEW—HARMLESS ERROR.

In an action for injuries sustained by an employé while riding on a train, where the evidence had a tendency to prove that plaintiff would not have been hurt, except for the negligence of an engineer, and it was not a necessary inference from either the admissions in the answer or from the evidence that the injury would have been inflicted if the negligence of the engineer had not concurred with that of a track walker, the court's erroneous rulings that the engineer was not a fellow servant of the injured employé were not harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4029, 4030; Dec. Dig. ☞1026.]

Maxey, District Judge, dissenting.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by Thomas C. Johnson against the St. Bernard Cypress Company, Limited. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Irving R. Saal, H. Generes Dufour, and George Janvier, all of New Orleans, La. (Robert E. Milling, of New Orleans, La., on the brief), for plaintiff in error.

A. A. Calongne, of New Orleans, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. This was an action by the defendant in error (who will be referred to as the plaintiff), who was employed as a skidder in the swamp from which his employer, the plaintiff in error (which will be referred to as the defendant), was getting out logs, to recover damages for a personal injury, a proximate cause of which was the negligence of the engineer of a train of the defendant, which was following another of its trains upon which the plaintiff was being carried, after his day's work was done, from his place of work in the swamp to the defendant's plant and quarters, in accordance with the custom of the defendant to transport its laborers to and from their place of work, charging them nothing for that transportation and making no deduction from their wages on that account.

[1] The court made rulings to the effect that at the time the plaintiff was hurt he was a passenger on the train upon which he was riding, that the relation of fellow servant did not exist between him and the negligent engineer of the following train, and that the fellow servant rule did not apply, so as to exempt the defendant from the liability asserted against it because of that negligence. We are of opinion that the rulings to this effect were erroneous. The relation of employer and employé continued while the latter was being carried by the former in its own conveyance on its own premises, with the results that the plaintiff and the negligent engineer were fellow servants when the injury was sustained, and that the defendant is not chargeable with liability for the negligence of the engineer which is relied upon. These propositions are abundantly supported by authorities, a discussion of which is not deemed necessary. Dayton Coal & Iron Co. v. Dodd, 188 Fed. 599, 110 C. C. A. 395, 37 L. R. A. (N. S.) 456; San Pedro, etc., Co. v. Davide, 210 Fed. 870, 127 C. C. A. 454; Martin v. Atchison, Topeka & Santa Fé R. R. Co., 166 U. S. 399, 17 Sup. Ct. 603, 41 L. Ed. 1051; 26 Cyc. 1087. The master not being in fault with reference to the negligent engineer, the fellow servant doctrine, which prevails in Louisiana, was applicable. See Hubgh v. New Orleans & Carrollton R. R., 6 La. Ann. 495; Merritt v. Victoria Lumber Co., 111 La. 159, 35 South. 497; Cross v. Lee Lumber Co., 130 La. 66, 57 South. 631.

[2] It was not a necessary inference from either the admissions contained in the defendant's answer to the plaintiff's petition or from the evidence adduced that the injury complained of would have been

inflicted if the negligence of the engineer had not concurred with that of the track walker. On the contrary, the evidence introduced, in connection with that offered by the defendant and excluded, had a tendency to prove that, but for the engineer's negligence, the plaintiff would not have been hurt. So it cannot properly be said that the defendant was not prejudiced by the rulings to the effect that it was liable to the plaintiff for consequences of that negligence.

It follows that the judgment of the District Court should be reversed, and the cause be remanded for a new trial; and it is so ordered.

MAXEY, District Judge (dissenting). The answer of the defendant contains the following admissions:

"That the accident was caused (1) by the carelessness of the track walker in not noticing the defect in the rail which caused the derailment of the first train, and (2) by the carelessness of the engineer of the second train in following too closely behind the first train. Respondent admits that the action of both of these parties, to wit, the track walker and the engineer of the second train, was in violation of the rules of the company."

The answer in plain language admits that the accident to the defendant in error was due to the negligence of the track walker, combined with that of the locomotive engineer. Hence the negligence of the track walker concurred with the carelessness of the locomotive engineer in producing or causing the accident. The duty of providing a safe place for an employé to work is the duty of the master, which cannot be delegated, so as to relieve the master of responsibility. That duty the master in the present case failed to discharge, and it should be held liable to the defendant in error for the injuries sustained by him, notwithstanding the negligence of the locomotive engineer. Thus it was said by the court in Deserant v. Railroad Company, 178 U. S. at page 420, 20 Sup. Ct. at page 972, 44 L. Ed. 1127:

"It is undoubtedly the master's duty to furnish safe appliances and safe working places, and if the neglect of this duty concurs with that of the negligence of a fellow servant, the master has been held to be liable."

In Kreigh v. Westinghouse & Co., 214 U. S. at page 257, 29 Sup. Ct. at page 622, 53 L. Ed. 984, the rule is stated in the following language:

"If the negligence of the master in failing to provide and maintain a safe place to work contributed to the injury received by the plaintiff, the master would be liable, notwithstanding the concurring negligence of those performing the work."

That the duty of the master to provide for his employés safe appliances and a safe place to work cannot be delegated, see Railroad Company v. Herbert, 116 U. S. at page 647, 648, 6 Sup. Ct. 590, 29 L. Ed. 755.

The writer is of the opinion that the judgment should be affirmed.