## SAN PEDRO, L. A. & S. L. R. CO. v. DAVIDE.

### (Circuit Court of Appeals, Ninth Circuit. February 2, 1914.)

#### No. 2,266.

1. MASTER AND SERVANT (§ 286*) — ACTIONS FOR INJURIES — QUESTIONS FOR JURY.

In an action by a railroad section hand for injuries sustained while he and other employés were returning to their camp on a number of hand cars, where there was evidence tending to show that the employés upon the car immediately preceding plaintiff's car negligently slackened their speed without warning, thus causing a collision between such car, plaintiff's car, and the car following plaintiff's car, defendant's negligence was properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. COMMERCE (§ 27*)—INTERSTATE—RAILROADS—"INTERSTATE COMMERCE"—EMPLOYERS' LIABILITY.

A railroad section hand, engaged in ballasting the main track of a railroad which carried freight and passengers between different states, was engaged in interstate commerce within the federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, as amended April 5, 1910, c. 143, § 1, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1322).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

Employés engaged in interstate commerce within employers' liability acts, see note to Baltimore & O. R. Co. v. Darr, 124 C. C. A. 571.

For other definitions, see Words and Phrases, vol. 4, pp. 3724–3731.]

3. COMMERCE (§ 27*)—RAILROADS.

A railroad section hand, who had been engaged in interstate commerce during the day, was still so engaged while riding on a hand car furnished by the railroad company at the conclusion of his day's labor, by direction of his foreman, for the purpose, not only of returning from his place of work to the camp maintained by the company, but also for the purpose of taking the hand car to a point where it was to be removed from the track so as to leave the road open to the passage of trains.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

4. MASTER AND SERVANT (§ 198*)—RELATION OF PARTIES—ACCIDENTS WHILE GOING TO OR FROM WORK.

Railroad employés, while being carried as part of their daily service to and from their place of work, are fellow servants, even if there is no agreement that they shall be so carried, if such be the implied agreement or regular custom of the railroad company, assented to by the employés.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 493–514; Dec. Dig. § 198.*]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Action by Martini Davide against the San Pedro, Los Angeles & Salt Lake Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. S. Halsted and Pennel Cherrington, both of Los Angeles, Cal., for plaintiff in error.

Harris & Swanwick, Burt Chellis, and Chas. E. Donnelly, Jr., all of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error was in the employment of the plaintiff in error as a section hand. He was engaged in ballasting the track of the main line of the plaintiff in error between Las Vegas and Caliente in the state of Nevada. There were about 80 men employed on the work. On April 25, 1911, the men quit work at 5 o'clock in the evening, and were returning to their camp on hand cars, of which there were seven or eight. The defendant in error, with five or six others, was riding on the third car from the front, with his back to the car ahead of him, and was assisting in propelling the hand car. The cars were going at a speed of from 9 to 10 miles an hour. The car in front of the defendant in error was going at the same speed with the others until, while passing through a tunnel, the men on that car became tired and slackened their speed, and the car came out of the tunnel slowly. At that point the car on which the defendant in error was, following rapidly, collided with it, and thereupon the car immediately following the one on which he was, struck his car, and by these collisions the defendant in error was thrown off and injured.

The cause of action was founded on the federal Employers' Liability Act of April 22, 1908, as amended April 5, 1910. The complaint alleged that the defendant in error was acting under the direction of the section foreman of the railroad company, and that he was injured by reason of the negligence of other employés of the company, who materially slackened the speed of the hand car immediately ahead of his, and by reason of the negligence of other employés in allowing the car following his to collide with his car. At the conclusion of the evidence, the plaintiff in error requested the court to direct a verdict in its favor on the ground of the insufficiency of the evidence to show negligence on its part, and on the ground that at the time of the accident the defendant in error was not engaged in any act of interstate commerce. The two questions thus suggested are the only questions presented to this court.

[1] The jury, under proper instructions from the court, found that the fellow servants of the defendant in error were negligent as alleged in the complaint. In view of all the testimony, we think that question was properly submitted to the jury. There was evidence tending to show negligence in that the employés of the plaintiff in error who were upon the car immediately preceding that on which the defendant in error was, were negligent in slackening their speed without warning to the men on the car which followed them, thus causing the collision.

[2, 3] The principal question in the case is whether or not the defendant in error was engaged in interstate commerce. The work which he had been doing on the day on which he was injured was undoubtedly work done in interstate commerce. He had been engaged in ballasting the main track of a railroad which carried freight and passengers

between different states. Pedersen v. Del., Lack. & West. R. R., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125. And although at the time when he was injured he was returning to camp at the conclusion of his day's labor, he was doing so at the direction of his employer. He got upon the hand car on which he rode under the order of the section foreman, to take it back to a certain designated place on the line of the road. He was not only engaged in returning from his place of work to the camp maintained by the company, but he was engaged in taking the hand car to a point where it was to be removed from the track so as to leave the road open to the passage of trains. He had not been discharged from his day's work. He was still acting under the orders of the section foreman. The foreman testified that he used seven or eight hand cars, sometimes nine, in transferring the men back and forth, and that before the accident he directed the men where to put the cars on the track, and instructed them how to run the same.

[4] It is the well-established rule that railroad employés while being carried as part of their daily service to and from their place of work are fellow servants; and, even if there is no agreement that they shall be so carried, it is sufficient if such be the implied agreement or the regular custom of the railroad company, assented to by the employés. Dayton Coal & Iron Co. v. Dodd, 188 Fed. 597, 110 C. C. A. 395, 37 L. R. A. (N. S.) 456, and cases there cited. And if, as held in the Pedersen Case, a railroad employé is engaged in interstate commerce when he is merely carrying material for repair to a place where a bridge used in interstate commerce is being repaired, or, as held in Lamphere v. Oregon R. & Nav. Co., 196 Fed. 336, 116 C. C. A. 156, an engineer is engaged in interstate commerce while proceeding on the right of way under orders to take charge of a train engaged in interstate commerce, no reason is perceived why a section hand, engaged in propelling a hand car furnished him by the railroad company to convey him to his camp, as the concluding part of his daily service of ballasting a track used in traffic between states is not, while so doing, engaged in interstate commerce.

We find no error. The judgment is affirmed.