HERBERT C. CARPENTER, Respondent, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, April 14, 1915.

1. MASTER AND SERVANT: Personal Injuries: Federal Employer's Liability Act. Action by servant against master for damages for personal injuries. Petition examined and *held* to state facts sufficient to constitute a cause of action under the Federal Employers' Liability Act, although it alleged that the common-law liability of the employer for injuries was in force at the time and place of the injury.

2. ——: Negligence: Federal Employers' Liability Act: Recovery: Instructions. Under Federal Employers' Liability Act an employee without fault, is entitled to full recovery and is entitled to instructions to that effect.

3. NEGLIGENCE: Contributory Negligence: Employers' Liability Act. Contributory negligence even under the Employers' Liability Act is a matter of defense and defendant should request an instruction covering same if he desires one.

4. MASTER AND SERVANT: Injuries: Evidence: Jury Questions. Action by servant against master for injuries occasioned by the giving way of a grab iron due to negligence of defendant. Evidence considered sufficient to make a question for the jury.

5. APPEAL AND ERROR: Errors Invited: Relief Not Granted From. Defendant injected into case certain immaterial matter. He is not entitled to complain that plaintiff's proof in rebuttal thereof was prejudicial and the appellate court will not relieve him from such situation which he has invited.

Appeal from Newton County Circuit Court.—*Hon. Carr McNatt,* Judge.

AFFIRMED.

*Cyrus Crane, O. L. Cravens* and *Geo. J. Mersereau* for appellant.

The court erred in overruling the defendant's objection to the introduction of evidence and in overruling the demurrers to the evidence at the close of plaintiff's case and at the close of all the evidence and in refusing to grant defendant's motions for a new trial and in arrest of judgment, for the reason that under the law at present there is no common-law liability for an injury of this kind. The entire matter has been a subject of Federal legislation and is controlled by the Federal Employer's Liability Statute. Thompson v. Railroad, 171 S. W. 364; Adams Express Co. v. Croninger, 226 U. S. 491; Railroad v. Miller, 226 U. S. 513; Railroad v. Latta, 226 U. S. 579; Railroad v. Harriman, 227 U. S. 657, 672; Grain Co. v. Railroad, 177 Mo. App. 194; Hamilton v. Railroad, 177 Mo. App. 145; Moliter v. Railroad, 180 Mo. App. 84; Rafferty v. Railroad, 15 Mo. App. 562.

*George Hubbert, Fred A. Hubbert* and *Charles Stephens* for respondent.

(1) Allegations of petitions in this class of cases are always governed by controlling Federal statutes, of which the court is bound to take judicial notice, and it is never necessary and always in bad taste to make specific reference to such statute. Railroad v. Lindsay, 233 U. S. 42; Railroad v. Wulf, 226 U. S. 570, 57 L. Ed. 355; Lamphere v. Oregon, R. & Nav. Co., 196 Fed. ——; Ground v. Railroad, 173 Fed. 527; Railroad v. Cook, 140 S .W. 579. (2) The courts take judicial notice of all national laws governing interstate commerce and such national laws supersede all common law and statute laws of States in so far as they conflict

with such national law, leaving same to be treated as though they were in fact by specific reference repealed, and no right judgment under this or any other law will be disturbed even though rendered while defendant was working on the wrong theory. St. L., S. F. & Tex. Ry. Co., 229 U. S. 150; Railroad v. Lindsay, 233 U. S. 42; 3rd Century Digest, under "Appeal and Error," sections 3408 to 3430; 3rd Cyc. 221. (3) Where the instructions are more favorable to defendant than the Federal law warrants, or if it does not request an instruction on the point contended for, as is necessary under the law of the forum, it cannot complain on appeal. Railroad v. Lindsay, 223 U. S. 42, 49; Wright v. Gillispie, 43 Mo. App. 244; Benibeutal v. Railroad, 43 Mo. App. 463; Williamson v. Transit Co., 202 Mo. 373; Ruhle v. Buck, 124 Mo. 183; Scudder v. Bank, 91 U. S. 406. (4) The plea of contributory negligence is an affirmative defense and where defendant contends that plaintiff was not following an established rule and custom at the time he was hurt the burden of proof is on defendant to show contributory negligence on the part of the plaintiff. Moyse v. Railroad, 108 Pac. 1062; 157 S. W. 108.

ROBERTSON, P. J.—Plaintiff obtained judgment on a verdict for damages received as the result of a grab iron on a box car on one of defendant's freight trains, then used in interstate commerce, giving away. The defendant has appealed.

The defendant insists that the plaintiff's petition states a cause of action under the common law, but that the testimony discloses liability, if at all, under the Federal Employers' Liability Act, and that, therefore, the verdict of the jury, which it is charged is based on instructions under the common law should not be allowed to stand.

It is said that the opinion of the Kansas City Court of Appeals in the case of Holiter v. Wabash

R. Co., 180 Mo. App. 84, 168 S. W. 250, and our opinion in McIntosh v. St. Louis and San Francisco R. Co., 182 Mo. App. 288, 168 S. W. 821, are in conflict and that if we follow the *McIntosh case* in deciding the present case that we will again be in conflict with the *Moliter case*. In the present case the plaintiff alleges in his petition, and the testimony shows, that he was employed by defendant as a brakeman on its freight train from Pittsburg, Kansas, running through Missouri, Arkansas and into Oklahoma. It is alleged in his petition that while he was about the performance of his duties in which he received his injury that he was in exercise of ordinary care. It is also alleged that at the time and place of receiving his injury that the common-law liability of the master for injuries to employers was in force. Both in the *Moliter case* and the *McIntosh case* decisions of the Supreme Court of the United States are cited holding that when the facts disclose a case coming under the Employers' Liability Act that the petition is in no manner affected by reference to a noneffective law, so that we can say, and be in harmony with all the decisions to which our attention has been directed, that the petition in this case states facts sufficient to constitute a cause of action under the Act in question. The difference between the *Moliter* and *McIntosh cases* is that in the former case (pages 87 and 88) it was conceded by the plaintiff that the petition stated no cause of action under the Liability Act. The testimony disclosed a case under the Act and it was held that a demurrer to the testimony should have been sustained as there was a total failure of proof of the cause of action alleged. Our attention has been called by appellant to a recent decision of the Supreme Court of the United States (St. Louis and Western R. Co. v. Slavin), as an authority supporting the contention that in the case at bar plaintiff recovered under the Federal Employers'

Act when his petition is based on the common law. The *Slavin case* has no application because the petition in that case did not allege facts bringing it within the Act.

The principle announced in the *Moliter case* is sought to be further applied to this case on the theory that plaintiff's instructions in the case at bar permitted the plaintiff to recover the full amount of his damages if he was without fault or negligence. It is said that this is the usual instruction in cases based on the common law and that it does not recognize the right of the defendant to have applied the doctrine to comparative negligence for in the Liability Act. It is argued that if the jury had not been required to find that the plaintiff was without fault before they were permitted to find for him, but only to reduce his recovery in case they found he was negligent, that then they might have found him guilty of some negligence and reduced the verdict accordingly, citing Rofferty v. Mo. Pac. Ry. Co., 15 Mo. App. 559. The defect in defendant's contention is that the fact is overlooked that even under the Employers' Liability Act the plaintiff is entitled to recover full damages if he is without fault, consequently he is entitled to instructions as given in this case. Contributory negligence, even under the Employers' Liability Act, is a matter of defense, as it was treated and alleged by the defendant in this case, and if the defendant desired an instruction upon that question it should have requested it.

Something is said in plaintiff's brief as to the non-application of the doctrine of contributory negligence under the Employers' Liability Act when the defendant has, as plaintiff contends, violated the Federal Safety Appliance Act (6 Fed. St. Ann. 755), but a consideration of this question is not essential to a decision and we will not discuss it.

Defendant also contends that there was no testimony tending to prove that the grab iron gave way on account of any negligence on its part. A witness testified that shortly after the accident he observed that the nut was off the bolt by which the grab iron was fastened to the car; that he noticed that the threads on the bolt were rusty and that there was a rusty nail that apparently had been driven in beside the bolt to hold the grab iron in the absence of a nut. Several witnesses testified for the defendant that an inspection before the accident failed to disclose any defect in the fastening of the grab iron and that inspections after the accident disclosed bright threads on the bolt and an absence of any nail. There was substantial testimony upon which to submit this question to the jury.

It is next said that there was certain immaterial testimony brought out by the defendant for the purpose of prejudicing the jury against one of defendant's witnesses, a physician. The fallacy of this contention consists in the fact that the defendant first injected this question into the case and if the plaintiff in his effort to escape the effects of it proved facts which exonerated him and reacted in the minds of the jury on the defendant we cannot undertake to relieve defendant. This contention is without merit.

The judgment is for the right party and should be and is affirmed.

*Farrington* and *Sturgis, JJ.*, concur.