CHICAGO AND NORTHWESTERN RAILWAY COMPANY *v.* GRAY.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 232.   Argued April 19, 20, 1915.—Decided May 3, 1915.

This court will not express an opinion on the question of whether or not the trial court should have found that the injured employé was engaged in interstate commerce, where the error, if any, did the appellant no harm.

Where the claim of defendant railroad company against whom the verdict was rendered is that the plaintiff was engaged in interstate commerce and the case should have been tried under the Federal instead of the state statute, and the finding of the jury was warranted by the evidence, this court will not reverse if it does not appear that the defendant's position was worse because the state, instead of the Federal, law governed the case.

Under the Wisconsin law assumption of risk is merely a case of contributory negligence, and a finding of the jury that the plaintiff was not guilty of contributory negligence excludes the possibility that he assumed the risk.

THE facts, which involve the validity of a judgment for damages for personal injuries, are stated in the opinion.

*Mr. Edward M. Smart* for plaintiff in error.

*Mr. Stephen J. McMahon* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries. The plaintiff, Gray, was a hostler at Antigo, Wisconsin, having various duties as to receiving and preparing engines for departure, including the emptying of their ashes into the cinder pit and seeing that the coals in the pit were wet down. Just before the accident he had visited the cinder pit, to see whether the cinder pit man was doing his work, and had walked northward a short distance along a path between the track and a coal shed to a point opposite a rest house where he would await his next call to duty. He started to cross the track to the rest house and was struck by an engine coming from the south. The defendant offered evidence showing that it was an interstate road and that the round house and cinder pit served indifferently engines that passed the state line and those moving within the limits of the State, but did not attempt to show how the engine that struck the plaintiff was engaged. The evidence was rejected and the Supreme Court of the State sustained the rejection on the ground that it did not appear that the plaintiff's entire work consisted in the dispatching of engines engaged in interstate commerce or that he was employed in such commerce at the moment. It may be assumed that the railway company sufficiently saved its rights. The plaintiff got a large verdict, the jury finding specially that the engine that hit the plaintiff went north of the cinder pit in violation of the order of the defendant, that the engineer's negligence was the proximate cause of the injury, and that the plaintiff was guilty of no negligence that proximately contributed to the harm.

Of course the argument for the railway company is that Gray's employment on the cinder pit was employment upon an instrument of interstate commerce and so an employment in interstate commerce as fully as that of the track repairer in *Pedersen* v. *Del., Lack. & West. R. R.*, 229 U. S. 146; see also *St. Louis, San Francisco & Texas Ry.* v. *Seale*, 229 U. S. 156; and that he was on duty at the time when he was struck as much as the fireman in *North Carolina R. R.* v. *Zachary*, 232 U. S. 248. But we find it unnecessary to express an opinion upon this argument since if there was an error it seems to have done the railway company no harm.

There are differences and similarities between the Wisconsin and Federal statutes, but we do not perceive that there is any difference that made the railway company's position worse if tried on the hypothesis that the state law governed. It is suggested that under the law of the United States the defendant could have argued that the plaintiff assumed the risk of this kind of negligence because he knew that it was a common occurrence for engines to run north of the cinder pit, not giving the proper signals. Without considering whether the testimony at all warranted a finding that Gray assumed the risk of a fellow servant's negligence, we deem it enough to say that by the Wisconsin law assumption of risk is merely a case of contributory negligence and that the finding of the jury that the plaintiff was not guilty of contributory negligence excludes the possibility that he assumed the risk. It also makes it unnecessary to consider differences between state and United States law that would have assumed importance had the finding upon contributory negligence been the other way. It is enough to add that the finding of the jury was warranted by the evidence. The plaintiff in error suggests that the special verdict required under the state law was improper under the United States law, but we see no ground for complaint in that. We need go no

farther as to the rest of the case than to say that no plain error appears. *Yazoo & Miss. Val. R. R.* v. *Wright,* 235 U. S. 376, 378.

*Judgment affirmed.*