GRAND TRUNK WESTERN RAILWAY COMPANY *v.* THRIFT TRUST COMPANY, ADMINISTRATOR.

[No. 9,259.   Filed April 6, 1917.   Rehearing denied June 29, 1917. Transfer denied June 22, 1918.]

1. PLEADING.—*Demurrer.—Memorandum.—Waiver of Objections.*— Section 344 Burns 1914, Acts 1911 p. 415, providing that defects in pleadings not specified in the memorandum accompanying the demurrer are waived, does not require a demurring party to print out in his memorandum every objection to a pleading which might be valid under any appealable theory upon which the pleading might be predicated, but only such infirmities as are necessary to make the pleading sufficient on the theory on which it is drawn, and it is only such defects that are waived under the statute by a failure to specify them in the memorandum; nor does the statute require the demurring party to suggest omissions or averments which might make such pleading sufficient upon some theory different from that on which it proceeds.   p. 206.

2. APPEAL.—*Review.—Sufficiency of Pleadings.—Theory.*—A pleading must proceed on some definite theory which must be determined by its general scope and tenor, and the theory adopted by the trial court and the parties will generally be accepted and followed by the appellate tribunal.   p. 207.

3. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Scope and Applicability.*—The Employers' Liability Act, 35 Stat. at L. 65, §8657-8665, U. S. Comp. Stat. 1913, is exclusive within the scope of its operation, and it supersedes all state statutes within its scope and field, so that, where the facts of a particular case fall within its provisions, as where a

servant's injuries are sustained while engaged in interstate commerce, the federal act alone controls.    p. 213.

4.  APPEAL.—*Complaint for Injuries to Servant.—Failure to Demur. —Waiver of Defects.—Presumptions.—Sufficiency of Evidence.—* In an action against a railroad company for the death of a servant, where defendant, in the memorandum accompanying its demurrer failed to include, as one of its grounds, that the complaint failed to aver that decedent was engaged in interstate commerce when injured, it cannot on appeal raise that objection by its contention that the cause of action is not proved because the uncontradicted evidence shows that decedent was so employed, where the facts pleaded in such complaint state a cause of action under either the state or federal statute, except that to make the complaint sufficient under the federal law it was necessary to have alleged that decedent was engaged in interstate commerce, and in such a case the trial court should treat the complaint as amended to correspond with the proof, and, on its failure to do so, the court on appeal may so treat the complaint.    p. 213.

5.  APPEAL.—*Reversal.—Grounds.—Presumption.—*Not every error committed by the trial court will furnish a ground for reversal, but only such as are prejudicial to appellant.    p. 215.

6.  APPEAL.—*Review.—Harmless Error.—Instructions.—*Where, under the state law, contributory negligence was a complete bar to recovery for the death of a railroad employe and under the federal Employers' Liability Act of 1908, 35 Stat. at L. 65, §§8657-8665 U. S. Comp. Stat. 1913, was a ground for reducing damages only, instructions in an action for the wrongful death of a railroad employe, applying the state law on the issue of contributory negligence could not have harmed defendant, the law applicable to all other issues involved being the same under either the federal or state law.    pp. 216, 226.

7.  MASTER AND SERVANT.—*Injuries to Servant.—Action.—Contributory Negligence.—Burden of Proof.—Instructions.—*In an action against a railroad for the death of a servant, an instruction that, "if you find that the evidence on the issue of decedent's contributory negligence is evenly balanced or that plaintiffs have a preponderance of the evidence on that question, you should find for the plaintiff as to that proposition," was not objectionable as putting the burden on defendant of proving contributory negligence by its own evidence.    p. 216.

8.  APPEAL.—*Review.—Harmless Error.—Refusal of Instructions.— Contributory Negligence.—*Where, in an action for wrongful death, the instructions on contributory negligence precluding recovery in event the jury found that decedent was guilty of such negligence, and the general finding was for plaintiff on that issue, any error

from refusal to give defendant's tendered instructions on the same subject was harmless, such tendered instructions being less favorable to defendant than those given. pp. 217, 226.

9. APPEAL.—*Excessive Damages.—Reversal.*—Where the amount of a verdict in an action for wrongful death is not so large as to show that the jury was influenced by bias or prejudice in making the award, the judgment will not be reversed on the ground that the verdict was excessive. p. 217.

10. APPEAL.—*Review.—Harmless Error.—Instructions Outside Issues.*—In an action against a railroad company for the death of a servant killed by a collision between an engine and a flat car on which he was standing, an instruction that defendant was not bound to ring the bell in shifting and coupling an engine to cars in the yard, although inapplicable to the evidence, was not prejudicial to defendant. p. 219.

11. RAILROADS.—*Negligence.—Instructions.—Inference from Evidence.*—The court may say in a proper case, as a matter of law, that ordinary care requires those operating a train to keep a lookout, and whether the court in a particular case is warranted in so instructing the jury depends on whether the facts are such as to authorize or justify but one inference, and that inference one which leads all reasonable men to say that ordinary care required such lookout. p. 219.

12. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—Duty to Maintain Lookout.—Instructions.*—In an action for the death of a railroad employe caused by a collision between an engine and a flat car on which deceased was standing, an instruction that defendant railway, knowing that men were to board the flat car and be carried out of the yards, was bound, in coupling an engine onto such flat cars, to keep proper lookout and use all reasonable precautions when approaching and coupling to prevent injury to any one on the cars, was not erroneous because telling the jury as a matter of law that it was defendant's duty to keep a lookout where the evidence was such as to justify the single inference that ordinary care required that such lookout be maintained. p. 220.

13. APPEAL.—*Review.—Harmless Error.—Instructions.—Contributory Negligence.*—In an action against a railroad company for the death of an employe killed by a collision between an engine and a flat car, an instruction that if the decedent was in the exercise of ordinary care "immediately prior" to the collision, there could be a recovery, was not prejudicial to defendant, where it appeared that decedent did not have time to take a position of safety on the car and whatever was done by him which could have constituted contributory negligence must have been done during

MAY TERM, 1918.                    201

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

the period intervening between the time he got on the car and the time he was injured, which was about one minute, so that he could not have been guilty of any negligence from the time he got on the car up and including the time of his injury which he was not guilty of immediately before the accident. p. 221.

14. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Instructions.—Contributory Negligence.*—In an action against a railroad for the death of a servant, an instruction that, notwithstanding any negligence of defendant or its agent proximately contributing to decedent's injury, plaintiff could not recover, if decedent, "by the want of ordinary care, and by his own voluntary acts," contributes to the accident, the words "by his voluntary acts" following the word "and" served merely to repeat the thought already expressed in the preceding words, "and" being used in the sense of "that is to say," so that the jury could not have understood from such words that any burden other than proof of decedent's failure to use ordinary care was required of defendant to defeat the action, especially where such instruction, when read in connection with other subsequent instructions and in the light of the evidence, could not have misled the jury to defendant's prejudice. p. 223.

From Porter Circuit Court; *A. D. Bartholomew,* Judge.

Action by the Thrift Trust Company, administrator of the estate of Gustav Fritz, deceased, against the Grand Trunk Western Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Crumpacker Bros.,* for appellant.
*Daly & Freund,* for appellee.

HOTTEL, J.—The facts which gave rise to the litigation resulting in this appeal are in substance as follows:

On October 29, 1912, Gustav Fritz was in the employ of appellant railway company, and while so employed received injuries which resulted in his death. He left surviving him as heirs and next of kin a widow and four children. The Thrift Trust Com-

pany was appointed administrator of the estate of said decedent, and as such filed a complaint in the trial court in two paragraphs, in each of which it alleges that decedent's death was caused by appellant's negligence as therein specifically charged, and that on account thereof said widow and children had been damaged. A trial resulted in a verdict and judgment for appellee. From this judgment appellant appeals.

The questions which by its appeal it seeks to have reviewed in this court, stated in its own language, are as follows: "Appellant has assigned eight errors in this court but is only urging a reversal of the cause on account of the overruling of appellant's motion for judgment on the interrogatories and the answers * * * thereto, * * * and the overruling of appellant's motion for a new trial," which "is based substantially upon the following grounds: First: The verdict of the jury is contrary to law. Second: The verdict of the jury is not sustained by sufficient evidence. Third: The trial court erred in giving each of certain instructions given by the court to the jury of its own motion. Fourth: The trial court erred in refusing to give each of certain instructions that were tendered by appellant. Fifth: The answers of the jury to the interrogatories evince bias, prejudice and passion on their part and hence the jury was guilty of misconduct. Sixth: The damages awarded by the jury are exorbitant and excessive."

By most of said rulings the appellant seeks, by different methods, to present substantially the same question. We therefore go directly to a consideration and disposition of this question.

It is insisted by appellant, in effect, that each of

the paragraphs of the complaint proceed upon the theory that a cause of action existed and is stated therein under the state law; that appellee and the court adopted this theory and pursued it to the end of the trial embodying it in the instructions given in the case; that the uncontradicted evidence disclosed that appellee's decedent when injured was engaged in interstate commerce; that for this reason the case was controlled by the federal Employers' Liability Act of April 28, 1908; that such act supersedes state laws upon the same subject and is exclusive within the scope of its operations. Upon the case assumed it is argued in effect that the cause of action stated in the complaint is not sustained by the evidence; that the decision is contrary to law; and that, in any event, the court erred in giving instructions that applied the state law to the facts proved, and in refusing to give instructions which applied the federal act, *supra.*

The averments common to each of the paragraphs of the complaint, pertinent to the question involved, are in substance as follows: Appellant on and previously to October 29, 1912, owned, operated and controlled a railroad and railroad right of way extending from South Bend, Indiana, through Porter county, and the city of Valparaiso, Indiana, to Chicago, Illinois. The part of the road extending through Valparaiso, east of Locust street therein, consisted of two main tracks and several side tracks with branches and connections. On October 29, 1912, decedent, Gustav Fritz, was in appellant's employ as a section hand or extra, under the direction of Paul Weimuth, who was in appellant's employ as foreman engaged in repairing of defendant's railroad tracks between the

cities of Valparaiso and Chicago, Illinois, and decedent did such work and at such places as directed by Weimuth. Weimuth, as such foreman, had authority to employ men needed to keep appellant's tracks in repair in Valparaiso and vicinity and elsewhere, and to direct the men so employed what to do and how to do it, and to discharge them. The duties of decedent under his said employment required him to go where and perform such labors as directed by Weimuth *in the repairing of appellant's tracks* in Valparaiso and elsewhere and to do such work as might be required of him in connection therewith. On October 29, decedent was engaged, under said foreman, in repairing the north passing track of defendant's railway. At said time two of appellant's flat cars had been placed on its side track next to and south of the toolhouse to receive supplies and appellant's section hands to be taken elsewhere on said cars to repair appellant's tracks. At said time the engine had been detached from said cars. Decedent was then directed by said foreman to board said flat car, and, in obedience to such direction, took a position standing on the rear end of the east flat car and near the west flat car. In approaching the flat car from the west, to board it, the view of the tracks to the west was obstructed by the appellant's toolhouse. While decedent was standing on the flat car, in exercise of due caution and diligence, appellant negligently ran a locomotive from the west on said track, at a high rate of speed, to wit, fifteen miles an hour, without ringing any bell or blowing any whistle, and struck the west flat car with great force, pushing said flat car suddenly and forcibly eastward from under decedent's feet, throwing him backward between the

two flat cars, and the east trucks of the west flat car passed over his body, killing him immediately. Decedent was killed by the negligence of appellant's servants and employes in running said locomotive engine against said flat cars with great force and at a high rate of speed with the brakes and other appliances to control its speed out of repair and not in efficient working condition and without any warning to decedent.

The first paragraph contains additional averments to the effect that appellant at the time in question had in force certain rules and regulations regulating the coupling of cars which were alleged to have been violated and also alleges the existence of an ordinance in force in the city of Valparaiso limiting the speed of trains operated therein to ten miles an hour.

Each of said paragraphs was challenged in the trial court by a demurrer for want of facts, accompanied by a memorandum, the same as to each paragraph, and containing the following grounds: "The negligence charged is that of a fellow servant and fellow servants of plaintiff's decedent. There are no allegations in the complaint bringing it within the terms of any statute, state or federal, changing the common-law rule as to liability, and from the facts alleged in the complaint plaintiff's decedent was a fellow servant of the employes of the decedent for whose acts it is sought to hold the defendant liable."

The rulings on said demurrer are not here challenged, but, on the contrary, the effect of appellant's contention in this court is to concede that each of said paragraphs is sufficient under the state law, but insufficient under the federal act, *supra,* because of the absence of an averment that appellant was en-

gaged in interstate commerce, and that decedent, when injured, was engaged in such commerce, or in work connected therewith. This position is, in a sense, forced. We say this because appellant failed to include in his memorandum accompanying said demurrer any grounds of objection suggesting the omission of said averment that decedent, when injured, was engaged in interstate commerce, and hence, unless it can be said that each of said paragraphs proceed upon some theory other than a liability under said federal act, appellant, under the present demurrer law, §344 Burns 1914, Acts 1911 p. 415, would not now be heard to complain of the sufficiency of such complaint because of its failure to allege said fact.

Whether, however, in view of the requirements of said §344, *supra,* appellant, in order to obtain the benefits of the question he is now seeking to raise, should have included in the memorandum accompanying his said demurrers said objection, presents a more serious question. It would, of course, be unreasonable to say that it was intended by said section to require a demurring party to point out every objection, to the pleading demurred to, which might be valid under any supposable theory upon which a pleading might be predicated. By his failure to demur a party thereby waives only those averments necessary to make the pleading involved sufficient on the theory upon which such pleading is predicated, and in his memorandum accompanying his demurrer the demurring party need only point out the infirmities or omissions necessary to make the pleading sufficient on the theory upon which it is predicated, and a failure to point out in such memo-

MAY TERM, 1918. 207

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

randum any infirmity or omission in such pleading necessary to its sufficiency against demurrer on the theory upon which it proceeds operates as a waiver of such infirmity or omission, but such statute imposes no duty upon the demurring party to suggest omissions or averments which might make such pleading sufficient upon some theory different from that on which it proceeds. And, generally speaking, a pleading must proceed on some certain definite theory, and that theory must be determined by its general scope and tenor. The theory adopted by the court and the parties in the trial of the case will generally be accepted and followed by the appellate tribunal. *Euler* v. *Euler* (1914), 55 Ind. App. 547, 102 N. E. 856.

It will be observed that each paragraph of the complaint here involved alleged that appellant's road ran from the city of South Bend, in the State of Indiana, to the city of Chicago, in the State of Illinois. It also alleges that decedent, on the morning of his injury, was engaged in repairing one of the passing tracks when he was directed to board the car from which he was thrown and injured. There are averments also which show that the material loaded on said car upon which appellant was directed to take passage and the men thereon were to be taken along appellant's main line between Valparaiso and Chicago, *to be used in repairing appellant's tracks.* These averments, to say the least, strongly tend to show that each paragraph of the complaint proceeded on the theory of liability under said federal act. Upon this question the Supreme Court, in the case of *Vandalia R. Co.* v. *Stringer* (1915), 182 Ind. 676, 681, 106 N. E. 865, 107 N. E. 673, said: "Therefore in

208     APPELLATE COURT OF INDIANA,

Grand Trunk, etc., R. Co. v. Thrift Trust Co.—68 Ind. App. 198.

stating that the action must be brought and recovery had under the state law where the injury occurs in intrastate commence, or under the federal act where the injury occurs in interstate commerce, it is not meant to say that the plaintiff shall specifically plead or refer to the state statutes in the one case or the federal act in the other. The proper procedure is to plead the facts, and a recovery may then be had accordingly as the evidence may develop a case under the one or the other." See, also, *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208, 105 N. E. 1025, 106 N. E. 369; *Grow* v. *Oregon, etc., R. Co.* (1913), 44 Utah 160, 138 Pac. 398, Ann. Cas. 1915B 481; *Pederson* v. *Delaware, etc., R. Co.* (1913), 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C 153; *Jorgenson* v. *Grand Rapids, etc., R. Co.* (1915), 189 Mich. 537, 155 N. W. 535, 536; *San Pedro, etc., R. Co.* v. *Davide* (1914), 210 Fed. 870, 127 C. C. A. 454; *Zikos* v. *Oregon, etc., Navigation Co.* (1910), 179 Fed. 893; *Central R. Co.* v. *Colasurdo* (1911), 192 Fed. 901, 113 C. C. A. 379; *Louisville, etc., R. Co.* v. *Kemp* (1913), 140 Ga. 657, 79 S. E. 558; *Jones* v. *Chesapeake, etc., R. Co.* (1912), 149 Ky. 566, 149 S. W. 951.

Appellant concedes and states that the record discloses the following facts: "On the morning that the decedent was killed and up to a short time prior to his death he was engaged in the repair of the north passing track of appellant's railroad in the city of Valparaiso, which at the time was being used by appellant in the running of interstate trains. Shortly before the decedent was killed, he was directed to go with the work train which was being made up in appellant's yards in the city of Valparaiso, and for that purpose got upon a flat car which was to be in-

MAY TERM, 1918.          209

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

corporated into the work train, he was thrown therefrom and killed. Immediately before and for a short time prior to the time he was killed, decedent was standing on the flat car waiting for the engine to couple onto the same and make it a part of the work train. The work train crew was intending to distribute materials along appellant's main tracks westwardly from the city of Valparaiso to be used in the installation of an automatic block signal system, which said tracks of appellant were then being used for the purpose of interstate commerce and for the carrying of freight and passengers for hire between the States of Indiana, Illinois and Michigan. Said automatic block signal system was designed and intended to regulate and facilitate the running of trains over the tracks of appellant's railroad which at the time were being used in commerce between the states mentioned.''

Appellant's contention that these facts show that decedent was engaged in interstate commerce at the time he was killed is supported by many of the decided cases. *Grow* v. *Oregon, etc., R. Co., supra; Jorgenson* v. *Grand Rapids, etc., R. Co., supra; Pederson* v. *Delaware, etc., R. Co., supra; McIntosh* v. *St. Louis, etc., R. Co.* (1914), 182 Mo. App. 288, 168 S. W. 821; *Horton* v. *Oregon, etc., Navigation Co.* (1913), 72 Wash. 503, 130 Pac. 897, 47 L. R. A. (N. S.) 8; *Central R. Co.* v. *Colasurdo, supra; Southern R. Co.* v. *Howerton, supra; San Pedro, etc., R. Co.* v. *Davide, supra; Zikos* v. *Oregon, etc., Navigation Co., supra; Louisville, etc., R. Co.* v. *Kemp, supra.*

However, evidence establishing said facts was admitted without objection, and the record in this respect cannot be said to lend any support to ap-

pellant's contention that the parties and the trial court tried the case on the theory that the complaint attempted to state a cause of action under the state law rather than under the federal law.

Assuming, however, that appellant is right in its contention that each paragraph of the complaint proceeds on the theory of a liability under the state law (and in this connection it should be stated that such seems to be the theory adopted by the trial court in its instructions), and assuming further that the proof, if it shows any liability against appellant, shows a liability under the federal act, we would still be authorized by the decisions of courts of other jurisdictions *in holding* that appellant is in no position to claim that the cause of action pleaded was not proved, and the cause of action proved was not pleaded. *Chicago, etc., R. Co.* v. *Wright* (1916), 239 U. S. 548, 36 Sup. Ct. 185, 60 L. Ed. 431; *Hogarty* v. *Philadelphia, etc., R. Co.* (1914), 245 Pa. St. 443, 91 Atl. 854, 856, 857; *St. Louis, etc., R. Co.* v. *Coke* (1915), 118 Ark. 49, 175 S. W. 1177; *McIntosh* v. *St. Louis, etc., R. Co., supra; Carpenter* v. *Kansas City, etc., R. Co.* (1915), 189 Mo. App. 164, 175 S. W. 234.

As pertinent and applicable to this question, we quote from the case of *Hogarty* v. *Philadelphia, etc., R. Co., supra,* 450. Following a review of cases cited, the court said: "These United States decisions establish that this broad, general act of Congress supersedes the laws of the states upon all matters within its scope; and that, so long as it remains upon the books, in cases involving accidents happening upon interstate railroads, to employees engaged in interstate commerce, such state laws must be viewed as though nonexistent. This is the key to the whole

situation; and it readily explains the Wulf decision, * * *. (*Missouri, etc., R. Co.* v. *Wulf* [1913], 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B 134.)

"In allowing the plaintiff in that case to proceed as though the federal statute had been originally pleaded, there was no departure 'from law to law,' as in the Wyler Case (*Union Pacific R. Co.* v. *Wyler* [1894], 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983.); for where in a particular class of cases but one law exists and can by any possibility apply, ex necessitate, there can be no departure from 'law to law.' This principle also distinguishes our own case of *Allen* v. *Tuscarora Val. Ry. Co.*, 229 Pa. 97, relied upon by the defendant." After distinguishing the case being considered from the other cases, the court proceeds as follows: "But in the present instance the plaintiff simply relied upon the relevant general principles, or rules of law, whatever their source, applicable to the whole class of cases to which his cause belonged; and, as we have already pointed out, since those established by the federal statute cover the field and apply to the exclusion of ordinary state common law rules and statutory provisions, there could be no departure from 'law to law.' Further, in order to support the plaintiff's case in chief, he did not depend upon or desire to plead any statutory regulation requiring the proof of a certain defined condition of fact; hence, there was no departure from 'fact to fact,' as in *Allen* v. *Tuscarora Ry. Co., supra.*

"* * * when we consider that the plaintiff's case in chief did not depend upon any specific and peculiar statutory regulation, * * * that he is a person bound by and entitled to all the benefits of the

federal statute, that his declaration is entirely consistent with an action under that statute, and that the law thereby established is the only law that could by any possibility apply to his cause, it becomes plain that he could rely upon the provisions of the act of Congress forbidding the defense here interposed. * * *

"In this particular instance, *. * * no one can suffer any real harm, or plead surprise, even in the strict legal sense of that term, if the case is treated as though expressly brought under the act of 1908, * * *; for the defendant is an interstate road, and it admitted at trial that plaintiff was * * * engaged in interstate commence * * *, so we may fairly assume that it had this knowledge from the first."

The cases of *McIntosh* v. *St. Louis, etc., R. Co., supra,* and *Carpenter* v. *Kansas City, etc., R. Co., supra,* are also decisive of the question under consideration.

While appellant cites some cases which seem to support its conclusion, they are explained or. distinguished in the more recent cases, all of which seem to be in harmony with the conclusion reached in the case just quoted from. Where, in cases which are controlled by the federal act, the defendant fails to demur to a complaint, or where, as in the instant case, it demurs, but in its memorandum accompanying such demurrer it fails to object to the sufficiency of the complaint on the ground of the absence of averments showing that defendant was engaged in interstate commerce, and that the plaintiff at the time he received his injuries was likewise engaged, the waiver of such objections to the complaint which

results from §344, *supra,* of our demurrer law, furnishes an additional reason for the adoption by the courts of this state of the rule and conclusion announced in the cases last cited and quoted from *supra.*

It must be, and is, practically conceded by appellant that the facts pleaded in each of said paragraphs of complaint state a cause of action under either the state or federal statute, subject to the condition only that to make the complaint sufficient under the federal law it was necessary to have alleged that appellant was engaged in interstate commerce, and that decedent, when he received the injury resulting in his death, was likewise so engaged. The facts pleaded, therefore, showed a liability either under state law or said federal act, depending on whether decedent, at the time of his injury and death, was engaged at a work connected with intrastate or interstate commerce. The authorities all agree and appellant concedes that the federal law is exclusive within the scope of its operation. It is the same as though it were a part of the state law, and it supersedes and takes the place of all state statutes within its scope and field, so that, where the facts of a particular case fall within its provisions, there is but one law which controls the case, and in this respect such a case is distinguishable from one the facts of which may create liability under either of two laws different in their scope and tenor.

Nobody knew better than appellant whether decedent, when injured and killed, was engaged in interstate commerce, and it also knew that, if he was in fact so engaged, he had and could have but one cause of action, viz., the one provided by the federal act, and hence that one of the aver-

ments essential to a statement of such cause of action was the averment indicated. It would seem, therefore, that in its memorandum accompanying its demurrer to said paragraph of complaint, appellant should have included, as one of the grounds thereof, the objection that each of said paragraphs omitted the averments that appellant was engaged in interstate commerce, and that decedent was so engaged when injured, and, having failed to make such objection, he should not now be permitted, in the manner here attempted, to take advantage of the fact that proof was made of such absent averment. By what we have said we do not mean to be understood as holding that, in a case where the complaint is predicated on the state law and the undisputed evidence shows it to be controlled by the federal act, the latter act should not be applied to and control such case unless the railroad company has by its demurrer to such complaint suggested as one of its infirmities the absence of an averment that the injured party was engaged in interstate commerce at the time of his injury, but what we do hold is that in such a case, under the authorities which we have cited, *supra,* such defendant is in no position to insist that the cause of action pleaded has not been proved, and that the cause of action proved has not been pleaded, but in such a case the trial court should treat the complaint as amended to correspond with the proof, and, if it fails to do so, this court may so treat the complaint. We think that such conclusion is in harmony with, and supported by, recent cases of the Supreme Court. *Southern R. Co.* v. *Howerton, supra; Vandalia R. Co.* v. *Stringer, supra.*

It follows that, when this complaint is so treated,

those grounds of appellant's motion for new trial which challenge the verdict on the ground that it is not sustained by sufficient evidence and is contrary to law are unavailable and present no reversible error.

For the same reason no available error resulted from the overruling of the motion for judgment on the answers to interrogatories. Nor can we say that the answers to said interrogatories evince any bias, prejudice, or passion on the part of the jury as claimed by appellant.

It remains to be determined whether any available error is presented by the instructions given or refused. In this connection it should be stated that the court expressly instructed the jury that there was no evidence to support the charge in the complaint that appellant's engine was out of repair, and that as to such allegation its finding should be for appellant. The court also told the jury that appellant's decedent "assumed the ordinary risks incident to the service in which he was engaged after the defendant had used proper care, diligence and caution for his safety and protection commensurate with the danger to be reasonably apprehended from the service.

The law applicable to all other issues involved in the case was the same under either the state or federal law, except as to the question of contributory negligence. Indeed, appellant makes no complaint as to any instructions given by the court, except those affecting the question of contributory negligence. It is not every error committed by the trial court that will furnish a ground for reversal, but only such as are prejudicial to the complaining party.

216 . APPELLATE COURT OF INDIANA,

Grand Trunk, etc., R. Co. v. Thrift Trust Co.—68 Ind. App. 198.

Upon the subject of contributory negligence the state law was more favorable to appellant than the federal statute, in that such negligence was a complete bar to recovery under the former act, while under the latter act it furnished a ground for the reduction of damages only. Appellant could not, therefore, have been harmed by the application of the state law to such issue. *Southern R. Co.* v. *Howerton, supra; Chicago, etc., R. Co.* v. *Wright, supra; McIntosh* v. *St. Louis, etc., R. Co., supra; Chicago, etc., R. Co.* v. *Gray* (1915), 237 U. S. 400, 35 Sup. Ct. 620, 59 L. Ed. 1018.

Appellant, however, insists that the instructions given on this subject were not in accord with the state law. Instruction No. 14 on this subject is complained of as being mandatory, and as containing an element not proper in such an instruction. The instruction is not mandatory except in the sense that it tells the jury that the appellee cannot recover if the jury finds certain facts, and when read in connection with instructions Nos. 9 and 10, could not have been misunderstood by the jury, and was not prejudicial to appellant.

Instruction No. 15, complained of by appellant, states the law correctly as to the burden of proof on such issue. *Central Vermont R. Co.* v. *White* (1915), 238 U. S. 507, 35 Sup. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B 252. It is not subject to appellant's contention that it puts upon appellant the burden of proving such issue by its *own* evidence, but, on the contrary, tells the jury that "if you find that the evidence on the question of decedent's contributory negligence is evenly balanced, or that the plaintiffs have a preponderance of the evidence upon

that question, you should find for the plaintiff as to that proposition.''

Our examination of the instructions given convinces us that appellant has no reason to complain of them. Its ground of complaint, if it has any valid ground therefor, must rest upon the refusal to give the instructions which it tendered on the subject of contributory negligence, which are to the effect that, if the jury found that decedent was guilty of negligence contributing to his injury, it should reduce appellee's recovery in a ratio proportionate to the relative ratio which such negligence contributed to decedent's injury, as compared with appellant's negligence causing such injury.

As before indicated, the court gave instructions which precluded recovery in case the jury found that decedent was guilty of such negligence, and its general finding for appellee was a finding in its favor on such issue, and hence rendered harmless any error resulting from the refusal to give said tendered instructions.

The amount of the damages assessed by the jury, when viewed in the light of the evidence affecting such question, is not excessive in the sense that this court would be justified in concluding that the jury was influenced by bias or prejudice in making such assessment, and hence under the repeated decisions of the Supreme Court and this court the last ground of appellant's motion for new trial indicated *supra* furnishes no cause for reversal.

Finding no error in the record, the judgment below is affirmed.

218     APPELLATE COURT OF INDIANA,

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

## ON PETITION FOR REHEARING.

HOTTEL, C. J.—Appellant has filed a petition for rehearing accompanied by briefs in which it very earnestly presses upon the court not only that it has erred in its opinion rendered herein, but that it has failed to decide certain questions presented by appellant in its original brief, and has misinterpreted, and in some respects misstated, its case, and its contention in reference thereto.

As to appellant's main and, in our judgment, controlling contention in the case, viz., that each paragraph of the complaint proceeds upon the theory that a cause of action is stated therein under the state law, that appellee and the trial court adopted such theory and pursued it to the end of the trial, embodying it in the instructions given in the case, whereas the uncontradicted evidence shows that decedent, when injured, was engaged in interstate commerce, and hence that whatever cause of action existed in favor of appellee was controlled by the federal statute, we desire to add nothing to the original opinion. As affecting the question presented by such contention, we think the conclusion announced in the opinion is supported by both reason and authority.

Appellant directs our attention to a statement in our original opinion which should be qualified, as will appear from what follows. We said that "appellant makes no complaint as to any instruction given by the court, except those affecting the question of contributory negligence." As being at variance with this statement, our attention is called to instruction No. 11, not mentioned in our original opinion. This instruction was objected to in the original brief, and

it and the objection thereto will now be considered and determined.

Such instruction is as follows: "The court instructs the jury that the defendant railway company is not bound to whistle or ring the bell in shifting and coupling the engine to the cars in the yards, but nevertheless the jury are instructed that said defendant railway company, knowing that men were to board said flat cars and be carried out of the yards, was bound, in coupling the engine onto said flat cars, to keep proper lookout and use all reasonable precautions when approaching and coupling on the engine to said flat cars to prevent injury to anyone on said flat cars."

It is insisted that there was no issue tendered by the pleadings and no evidence to which this instruction was applicable, that it is peremptory in character and tells the jury as a matter of law that it was the duty of appellant to keep a lookout.

In so far as the instruction related to the signals which the law requires to be given at railroad crossings, it was inapplicable to the evidence, but this part of the instruction was favorable, rather than harmful, to appellant. That part of the instruction requiring a proper lookout was, we think, pertinent to the issues and the evidence, but whether it was a correct statement of the law presents a more serious question. It probably would have been more accurate for the court to have told the jury that in approaching with the engine to couple it on said freight cars, the appellant was required to use ordinary care to prevent injury, etc., but it will be observed that the instruction assumes as a fact upon which a duty to keep a

220    APPELLATE COURT OF INDIANA,

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

lookout is predicated, that appellant knew that some of its employes were to board said cars. No objection is made to this assumption, nor is it claimed that it was unwarranted by the evidence. The effect of this part of the instruction was to tell the jury that under the facts assumed ordinary care required appellant "to keep a proper lookout and exercise all reasonable precautions when so approaching" with and coupling its engine, etc. There are cases in which the court may as a matter of law say that ordinary care requires a certain thing to be done, as where the traveler is about to cross a railroad track, etc. So we think the court may with equal propriety, under certain circumstances, say that those operating the train should keep a lookout. Whether the court in the particular case is warranted in so instructing the jury depends on whether the facts of such case are such as to authorize or justify but one inference, and that inference one which leads all reasonable men to say that ordinary care would require such "lookout." *McIntyre* v. *Orner* (1905), 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359, 8 Ann. Cas. 1087; *Cole* v. *Searfoss* (1911), 49 Ind. App. 334, 97 N. E. 345, and cases cited.

We believe, under said fact assumed in the instruction, about which there seems to have been no dispute in the evidence, that the instruction was authorized. As supporting this conclusion, viz., that knowledge of the presence of those who will be exposed to danger creates the duty to keep a lookout, see *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375, and cases there cited; *Palmer* v. *Oregon, etc., R. Co.* (1908), 34 Utah 466, 98 Pac. 689, 16 Ann. Cas. 229;

MAY TERM, 1918.        221

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

note, 8 L. R. A. (N. S.) 1076; note, 41 L. R. A. (N. S.) 267, 271 *et seq.*

Appellant complains because we failed to indicate or discuss instruction No. 8 in our opinion. This instruction is as follows: "If you find from the evidence that Savory was on the 29th day of October, 1912, an engineer in the employ of the defendant railway company and had charge of the engine which collided with the flat cars upon one of which decedent was then standing; and if you further find that said engineer at said time ran said engine against said flat cars without using ordinary care to avoid injury to the plaintiff's decedent under all the circumstances as disclosed by the evidence, and if you further find that the colliding of said engine with said flat cars caused the decedent to fall from one of said flat cars and thereby meet his death, and if you further find that *immediately prior* to said collision, the decedent was in the exercise of ordinary care for his safety, then I instruct you that your verdict should be for the plaintiff."

Objection is made to the italicized portion of the instruction, it being insisted that contributory negligence on the part of decedent which proximately contributed to the injury, whether some time before or at the time of receiving the injury as well as that immediately before receiving the injury, was sufficient to defeat appellee's action. While the instruction is subject to appellant's criticism when viewed as an instruction to be given generally, it was no doubt induced by the particular facts of this case, and as applied to them was not prejudicial to appellant.

The only act or acts of decedent upon which any negligence on his part contributing to his injury

could have been predicated, was his act in connection with getting on said flat car, and remaining so near the end thereof that he was liable to be thrown forward and between it and the cars which were to be attached to it, and his taking and keeping a standing position on said car facing the east with his back toward the engine which was to be coupled to said cars, and his failure, while in such position, to look in the direction of the train or engine which was to be coupled onto said cars.

The answers to interrogatories expressly find that just before decedent received the injury that resulted in his death two of the flat cars of appellant's work train, made up in said city of Valparaiso, were standing on one of appellant's switches or side tracks, known as the tie hole track; that one of said cars, the one to the west, was an empty flat car and the other loaded with angle bars. The engine was detached from said cars and the engine and crew were engaged in switching. While this was going on, decedent was directed by appellant's foreman and man in charge to get upon defendant's work train, and, pursuant to the instructions and directions of said foreman, decedent got upon one of said cars standing on said tie hole track. He got on the northwest corner thereof, about two feet from the west end and faced the east with his back to the west. About a minute thereafter decedent was thrown from said car toward the west and down on the track between the car on which he had been standing and the one west of it. The engine struck the west car for the purpose of coupling onto said cars, and the impact caused both of said cars to move, thereby throwing decedent toward the west and between them. The east truck

of the west car ran over him and killed him; that decedent was standing on the car from which he was thrown immediately before he was killed; that there was no evidence whether he was standing on said car at the time it started toward the east for the purpose of running on the tie hole track; that he stood facing the east with his back to the west. Other answers follow which find in effect that decedent did not have time to take a position of safety on said car.

It thus clearly appears from these answers that whatever was done by decedent which could have constituted contributory negligence must have been done during the period intervening between the time he got on said car and the time he was injured, which the jury found to be about a minute. The jury also found that during such period decedent was standing facing the east with his back to the west. It follows that decedent could not have been guilty of any negligence from the time he got on said car up to and including the time of his injury, which he was not guilty of immediately before his injury, and hence that said instruction was clearly without prejudice or harm to appellant.

In our discussion of instruction No. 14 in our original opinion we said that it was complained of as being mandatory and as containing an element not proper in an instruction. The latter ground of objection is in fact the only one made. The instruction is as follows: "The plaintiff cannot recover, notwithstanding there may have been negligence on the part of the defendant or its agents which have contributed to the accident, if he, by the want of ordinary care, *and by his own voluntary acts,* so far himself contributed to the accident, that but for this fact it would not have happened."

224     APPELLATE COURT OF INDIANA,

Grand Trunk, etc., R. Co. *v.* Thrift Trust Co.—68 Ind. App. 198.

Appellant's objections to this instruction as stated in its original brief, under its points and authorities, are as follows: "This instruction tells the jury that appellee could not recover if he (appellee's decedent), by want of ordinary care and by *his own voluntary acts,* so far himself contributed to the accident, that but for this fact it would not have happened. This is an erroneous instruction under *any* view of the law that might be taken."

"Even though the case *is* governed by the state law instruction No. 14 given by the court is erroneous. It is ambiguous, not a correct statement of the law and calculated to mislead and confuse the jury and cause them to believe that the evidence must show something in addition to contributory negligence on the part of the decedent in order to defeat a recovery."

We think the italicized words connected with what precedes by the word *"and"* served merely to repeat the thought or idea already expressed, and intended to convey the same meaning, or were in explanation thereof. In other words, what the court said was in substance and effect the same as though it had said "if he, by the want of ordinary care," that it to say, "by his own voluntary acts so far himself contributed," etc., and hence the jury could not have understood from such words that any burden other than proof of decedent's failure to use ordinary care was required of appellant to defeat appellee's action.

That the word "and" is sometimes used in the sense indicated, see 2 Cyc 286, title "And"; *Smith* v. *City of Madison* (1855), 7 Ind. 86, 90; *Douglass* v. *State* (1897), 18 Ind. App. 289, 48 N. E. 9.

This instruction was not approved in the original

opinion, but we refused to reverse the judgment on account of the giving of it because we thought that, when read in connection with other instructions which follow, and in the light of the evidence in this case, the jury could not have been misled thereby to appellant's prejudice.

By instruction No. 7 the jury was told that: "Negligence consists of the omission of that degree of care which a person of ordinary prudence would have exercised under all the circumstances of the case, if he knew at the time that the responsibility for any accident resulting from the omission of such care would be wholly his own. The care which a person of ordinary prudence would have exercised under such circumstances is always the test, but the degree of care which the law denominates ordinary care must always be in the proper proportion to the circumstances of known danger, if any, attending the undertaking, * * *."

We have already indicated instruction No. 8. By instruction No. 10 the jury was told that: "If the said Fritz at the time he was killed was not in the exercise of that degree of care which a person of ordinary prudence would have exercised under the same circumstances, his failure to so exercise that degree of care which a person of ordinary prudence would have exercised under the same circumstances would constitute negligence on his part, and if such failure on his part contributed proximately to his death the said Fritz would be deemed guilty in the law of contributory negligence."

It is true, as appellant says, that the instructions last quoted and referred to undertake to tell the jury what constitutes contributory negligence, and that

No. 14, *supra,* is the only instruction given which tells the jury the effect of such negligence on appellee's right to recover. However, said instructions were all of a character to indicate and impress upon the jury that decedent's contributory negligence was an important and controlling factor in the case, and, when considered in their entirety, we think it would be imputing to the jury an unwarranted lack of intelligence and understanding to assume that it did not understand them to mean that, if they found from the evidence that decedent was guilty of negligence contributing to his injury and death, there could be no recovery by appellee.

In other words, we think said instruction stated the law of contributory negligence substantially correctly if the facts presented by the issues and the evidence had made a case to which the state law was applicable, and, as upon such subject the state law is more favorable to appellant than the federal statute, appellant was not prejudiced by the application of the former law instead of the latter to such issues and evidence. *Chicago, etc., R. Co.* v. *Wright* (1916), 239 U. S. 548, 36 Sup. Ct. 185, 60 L. Ed. 431; *Chicago, etc., R. Co.* v. *Gray* (1915), 237 U. S. 400, 35 Sup. Ct. 620, 59 L. Ed. 1018, 35 Sup. Ct. 620.

For the reasons herein indicated, we think we were justified in the conclusion reached and stated in our original opinion, viz.: That "the court gave instructions which precluded recovery in case the jury found that decedent was guilty of such negligence, and its general finding for appellee was a finding in its favor on such issue, and hence ren-

dered harmless any error resulting from the refusal to give appellant's said tendered instructions."

The petition for rehearing is therefore overruled.

NOTE.—Reported in 115 N. E. 685, 116 N. E. 756. Master and servant: burden of proving contributory negligence under federal Employers' Liability Act, 33 L. R. A. (N. S.) 1218; federal Employers' Liability Act as superseding state laws, 47 L. R. A. (N. S.) 47. Damages: excessiveness or inadequacy of verdicts for personal injuries resulting in death L. R. A. 1916C 820, as to section hands, 839. See under (2) 31 Cyc 84; (4) 12 C. J. 43; (7) 26 Cyc 7495; (12) 33 Cyc 1319.