CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *v.* SCHRAEDER.

[No. 13,074.   Filed October 31, 1928.   Rehearing denied April 4, 1929.]

*James H. Blackburn, Frank H. Hatfield, William C. Welborn, Louis L. Roberts, K. L. Richmond* and *H. T. Dick*, for appellant.

*Emra H. Ireland* and *Winfield K. Denton*, for appellee.

McMAHAN, J.—This is an action by appellee against appellant to recover damages for personal injuries alleged to have been caused by reason of the negligence of appellant. A trial by jury resulted in a verdict and judgment for appellee for $200. The errors presented relate to the overruling of appellant's motion for a new trial, the particular specifications relied on being the giving and refusing to give certain instructions, and that the verdict is contrary to law.

The first contention is that the court erred in giving certain instructions, for the reason that each of them involves the federal Employers' Liability Act, while the complaint presents an action at common law. There is no claim that these instructions did not correctly instruct the jury, if the federal Employers' Liability Act is applicable. Nor is there

any claim that they were not proper under the evidence. This question has been so fully discussed by both the Supreme Court and by this court that we do not deem it necessary to enter into a discussion of the law upon the subject. See *Vandalia R. Co.* v. *Stringer* (1914), 182 Ind. 676, 106 N. E. 685, 107 N. E. 673; *Grand Trunk, etc., R. Co.* v. *Thrift Trust Co.* (1917), 68 Ind. App. 198, 115 N. E. 685, 116 N. E. 756. On the authority of these cases, we hold there was no error in giving the instructions of which complaint is made. See, also, *Missouri, etc., R. Co.* v. *Wulf* (1913), 226 U. S. 570, 33 Sup. Ct. 137, 57 L. Ed. 355, Ann. Cas. 1914B 134.

Instruction No. 3 tendered by appellant and refused was to the effect that, if appellee was guilty of contributory negligence, he could not recover. The evidence was sufficient to justify a verdict for appellee under the federal Employers' Liability Act. By §3 of that act, contributory negligence is to be considered only in mitigation of damages (§8659 U. S. Comp. Stat. 1916, 35 Stat. at L. 65), unless such negligence is shown to be the sole cause of the injury. *Pittsburgh, etc., R. Co.* v. *Edwards, Admx.* (1921), 190 Ind. 57, 129 N. E. 310. Appellee, at the time of his injury, was leaving his place of employment. He was yet on his employer's premises. In leaving his place of employment at the close of his day's work, he was discharging a duty of his employment. *Erie R. Co.* v. *Winfield* (1917), 244 U. S. 170, 61 L. Ed. 1057, Ann. Cas. 1918B 662.

Complaint is made of the refusal of the court to give instructions Nos. 6, 7, 8 and 9 tendered by it. These instructions were fully covered by instruction No. 4 given at the request of appellant. It follows there was no reversible error in the action of the court in refusing to give the requested instructions.

Appellant, assuming there was no evidence of negli-

gence on its part, and that appellee was not engaged in any service for appellant, says appellee assumed all the risks, and for that reason the verdict is contrary to law. Appellant's assumption is not tenable as there is evidence sufficient to sustain a finding that there was negligence on the part of appellant and that appellee was injured while engaged in the service of his master. It cannot be said that the verdict is contrary to law.

Judgment affirmed.